## JAMES Z. GAPEN v. L: T. STEPHENSON.

1. UNDERTAKING IN ATTACHMENT; *Amount Required.* The statute, (Laws 1870, p.172, § 5,) requires in attachment proceedings an undertaking "in a sum not exceeding double the amount of the plaintiff's claim." *Held,* that a motion to set aside an attachment for the reason that the sum named in the undertaking was only just the amount of the plaintiff's claim, might properly be overruled, and that if the amount named was really insufficient to protect the defendant, the court might require additional security.

2. ATTACHMENT PROCEEDINGS; *Motion to Dissolve; Appraisers.* Where the sheriff returns on an order of attachment that both the appraisers summoned by him were duly qualified, proof, even if admissible to contradict the sheriff's return in this respect, that one of the appraisers was not at the time a householder, will not be sufficient to work a dissolution of the attachment.

3. ——— *Homestead Claim; Contract of Sale.* Evidence that a party had contracted to sell a piece of land upon which he was not actually residing, and was from time to time receiving payments upon such contract, is strong evidence against his testimony that he was all the while intending to retain it for his homestead.

4. ISSUE—TRIAL; *When Action is Triable.* It is substantial error to force a defendant over his objection, to go to trial at a term prior to that at which the action first became triable, and error sufficient to compel a reversal of a judgment rendered against him upon such trial.

5. ——— The petition in this case was filed 24th June 1873. On July 24th, a motion was filed to compel plaintiff to make his petition more specific and definite. This motion was confessed, and an amended petition filed on 22d January 1874. On February 9th a motion was filed to make this amended petition more definite and specific. On April 15th this motion was sustained as to some of the claims embraced in the petition, and overruled as to the rest. The plaintiff then with leave struck out the claims defectively stated. Application was then made for twenty days in which to file answer. This application was overruled, and defendant required to answer by April 17th. No conditions were attached to this order. The defendant filed his answer tendering an issue of fact by the 17th, and then asked to have the case continued on account of the absence of witnesses, and because the action was not triable at that term. This application was overruled, and on April 24th, within nine days after the petition was first perfected, and at the same term, the defendant was forced into trial, and a judgment rendered against him. *Held,* that under the statute then in force,

(Laws 1871, p. 273, § 5,) this was error, and that this action was not triable at the same term at which issue was joined.

6. ———— *Code and Amendments, Construed.*    The laws of 1868, 1870 and 1871, in respect to the term at which actions are triable, considered, and the changes made thereby commented on and explained.

*Error from Montgomery District Court.*

ACTION by *Stephenson,* to recover for sundry claims of indebtedness amounting in the aggregate to $7,500:   An order of attachment was obtained at the commencement of the action.   *Gapen* moved to dissolve and discharge the attachment.   The proceedings taken upon this motion, and the proceedings generally until final judgment in favor of *Stephenson,* at the September Term 1874, are fully stated in the opinion.   *Gapen* brings the case here on error.

*Turner & Ralstin,* for plaintiff in error.

*York & Humphrey,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of attachment.   Many questions are presented, and many errors alleged.   Some of them however are of minor importance, and deserve little notice.   A motion was made to dissolve the attachment, which had been levied upon a quarter-section of land belonging to defendant, the plaintiff in error.   Among the grounds in the motion are these:

First, that the affidavit for the attachment was not true. The charge was, that the defendant was about to convert his property into money for the purpose of placing it beyond the reach of his creditors.   It appears that the only property belonging to defendant was this quarter-section, except perhaps some lots mortgaged for their full value.   The defendant in his affidavit denied the charge, but the affidavit of one witness was in evidence showing that Gapen offered him the land for what he said was not half the value, but that he was determined to sell it to prevent Stephenson from getting it; and the

Gapen v. Stephenson.

affidavit of another, that Gapen said he had tried to sell the place for less than one-third its value, and that he had moved onto it to claim it as a homestead, for the sake of beating Stephenson. Other circumstances were also in evidence tending to show a like purpose, and we cannot say that the court erred in holding the charge true.

A second ground was, that the bond was insufficient in amount. The claim was for $7,500. The bond in the same amount. The statute requires the bond to be in "not exceeding double the amount of the plaintiff's claim." The statute was complied with. If the amount was really insufficient to properly protect the defendant, the court on motion could have required a larger bond.

Another ground was, that one of the appraisers was not a householder. The sheriff's return shows that both appraisers were duly qualified. Conceding for the purposes of this case, that in this respect the sheriff's return may be contradicted, and that the testimony discloses that one of the appraisers was not a householder, (though we do not decide that either of them is the case,) still we think the defect is not such as to cause a dissolution of the attachment. It was not a matter going to the right of the plaintiff to have an attachment—not a matter over which he had any control. The mistake was one of the officer, and not of the plaintiff, and not a mistake as we think prejudicing the substantial interests of the defendant.

Another ground was, that the property attached was a homestead, and therefore exempt. The land was entered June 21st, and the attachment levied June 24th. The defendant was married in March preceding. His affidavit showed that he moved on to the land in April, with the intention of making it a homestead; that the dwelling-house was located on low ground, which was unhealthy, and

3. Homestead Claim. Contract to sell.

that in consequence of his wife's health he temporarily removed his family therefrom with the intention of moving the house onto higher ground, and then permanently occupying it as his homestead, which intention

he carried into effect on the 26th and 27th of June. On the other hand, were several affidavits showing that until after the attachment defendant and his wife never slept a single night on the place, and never ate but one meal thereon, which was cooked at plaintiff's house and taken over there so as to furnish the basis of testimony for a contest for the land before the land-office, and also that defendant had prior to his entry made a contract to sell the land to the wife of plaintiff, and had received considerable amounts in payment therefor. Upon this testimony, and that heretofore referred to in this opinion, did the court err in overruling the motion to dissolve the attachment on the ground that it was a homestead? We think not. The testimony satisfies us that defendant had contracted to sell this land, and that the homestead intention was an after-thought. If he was intending to carry out his contract to sell, of course he was not intending to make a homestead. And we are not willing to believe that he was base enough to be from time to time receiving considerations on a contract which all the while he had no thought of performing. More reasonable is it, more just, and more in accordance with the testimony, to believe that he was intending in good faith to carry out his contract until the time of performance, and that then, owing to some disagreement, or some misunderstanding, the nature of which does not fully appear, the intention was formed of retaining the land, and claiming it as a homestead. At any rate, there was abundant testimony to sustain the conclusion of the district court in the matter.

One or two other grounds were presented in the motion to dissolve the attachment, but those noticed were the principal ones; and in none of them do we see anything of substantial error. The ruling of the court therefore in refusing to set aside the attachment must be sustained.

A second series of questions arises on the overruling of two motions for continuance. In these motions, three matters were presented — the absence of witnesses, sickness in the defendant's family, and a claim that the action was not under

Gapen v. Stephenson.

the statute triable at that term.    Passing the two matters first named, with the remark that we see no error

**4. Issues; when actions are triable.** in the ruling of the court thereon, we are constrained to hold that under the statute the action was not triable at the term at which it was tried, and that therefore the court erred in compelling the defendant, against his objection, to go to trial at that time.    The facts in reference to this matter are these:    The petition was filed June 24th 1873.    On July 24th, a motion was filed to compel plaintiff to make his petition more specific and definite.    This motion was confessed by plaintiff, and on January 22d 1874, by leave of the court, an amended petition was filed.    On February 9th, defendant filed his motion to compel plaintiff to make this amended petition more specific and definite.    On April 15th this motion was sustained as to four matters, whereupon plaintiff by leave of the court struck out from his petition these matters.    Defendant thereupon asked for twenty days to file answer, which was overruled and he was ordered to file answer by April 17th.    The answer was duly filed.    No condition was attached to this order granting leave to answer.    And that the motion to have the amended petition made more definite was not frivolous, is evident because it was sustained.    The answer was a denial, and a counter-claim.    On April 20th, three days after the filing of the answer, the *plaintiff* filed a motion for a change of venue on account of local prejudice.    On April 22d this motion was overruled.    On April 18th, the first motion for a continuance was filed.    In this the claim was made that the action was *not triable at that term because the issues had only been joined during the term.*    On the same day the motion was heard, and overruled.    On April 24th, the second motion for a continuance was filed, and overruled, and thereafter, on the same day, the case was called premptorily for trial, a jury impanneled, and the case tried.    It appears from this statement therefore that the defendant was, over his objections, forced into a trial at the very term at which the issues were first joined.    Now the law in reference to this matter has un-

dergone two or three changes.   In the general statutes the
rule was thus laid down:

"Actions shall be triable at the first term of the court
after the issues therein by the times fixed for pleadings are,
or should have been, made up; and when, by the times fixed
for pleading, the issues are or should have been made up
during a term, such action shall be triable at that term."—
Gen. Stat., p. 689, § 315.

Here no distinction is made between issues of law, and
issues of fact; and an action was triable at a term whether
the issues of law or fact were made up before or during that
term.   The language used is, " by the times fixed for plead-
ings are or *should have been* made up."   The significance of
this will be more apparent hereafter.   In 1870 the legisla-
ture made this change:

"Actions shall be triable at the first term of the court af-
ter the issues therein, by the times fixed for pleading, are or
should have been made up ten days before the term.   When
issues of law are made up, either before or during a term of
court, but after the period for preparing the trial docket for
such term, the clerk shall place such actions on the trial
docket of that term."—Laws 1870, p. 174, § 10.

At the same time was added this provision: " But no wit-
nesses shall be subpenaed in any case while the cause stands
upon an issue of law." (Laws 1870, p. 173, § 9.)   By this a
distinction was drawn between issues of law, and issues of
fact.   The former were triable at a term whether joined be-
fore or during the term, but the latter only when they were
or ought to have been made up ten days before the term.
Here the significance of the words heretofore noticed, " by
the times fixed for pleadings are or should have been made
up," becomes more apparent.   The " times fixed for plead-
ings," are specified in the statute, or prescribed by order of
the court.   A plaintiff might give his adversary a few extra
days in which to file his answer, and still not lose his right
to insist upon a trial at the ensuing term, for the language is
not limited to the actual making up of the issues, but refers
also to the time fixed for making them up.   In 1871 another
change was made:

"Actions shall be triable at the first term of the court after the issues therein by the times fixed for the pleadings are or shall have been made up ten days before the term. When issues of law are made up either before or during a term of court, but after the period for preparing the trial docket of such term, the clerk shall place such actions on the trial docket of that term; and when any demurrer shall be adjudged to be frivolous, the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance; but the court may in its discretion fix specially the time when such cause shall stand for trial."—Laws 1871, p. 278, § 5.

By this, two changes were made. The words "should have been made up," were changed to "shall have been made up;" and authority given to enforce the trial of an issue of fact joined after the overruling of a demurrer adjudged to be frivolous, at the same term at which the action would have been triable if an issue of fact had been joined in the first instance. The change from "should have been" to "shall have been," is, as applicable to this case, significant. As the sentence now reads, it seems to refer exclusively to the actual time of making up the issues. This construction may perhaps leave some words in the sentence destitute of much force, but only thus does it seem to us can any significance be given to the change of language. "Are," and "shall have been," belong to the indicative and not to the potential mood. They refer to the actual, and not to the possible, or permissible. In the case before us, the petition was not settled until the very term at which the trial was had. Up to that time there was a defect in the petition which the defendant had a right to have cured before being compelled to make any defense. No delay had been sought by frivolous demurrer, or motion. The objections he made to the petition were good, and sustained. The petition was defective. And yet within nine days after the petition was perfected, the defendant was forced to answer, subpena his witnesses, and go to trial. This was against the spirit as well as the letter of the statute. We are led therefore to the conclusion, that there was substantial error in overruling

the motion for a continuance, and in compelling the defendant to go to trial at that term; and for this error the judgment must be reversed, and the case remanded for a new trial. We understand that in a late case pending before the learned justice of the U. S. circuit court for this circuit, similar views were expressed in reference to the construction of the statute quoted of 1871.

It is hardly necessary to inquire into the alleged errors occurring on the trial. We may not anticipate what further proceeding will be had in this case, or the questions that will be raised.

All the Justices concurring.