Rice & Floyd v. Simpson.

---

ALFRED W. RICE AND H. H. FLOYD, *Partners, &c.,* et al., v. BARCLAY SIMPSON, *et al.*

ACTION, *Not Triable.* A petition to foreclose a mechanics' lien was filed on the 12th of August, 1879. One C. was named therein as a defendant. On February 25, 1880, H. and brother were permitted to file an answer and cross-petition. On the 17th day of March, 1880, plaintiffs filed a reply and answer to the cross-petition. After the September term of court for 1880 had commenced, C., who had not been served as yet with a summons, presented his answer and cross-petition to the court, which were placed among the papers, and afterward, by order of the court, filed on November 23d. To this answer and cross-petition H. and brother filed their reply. After the presentation of such answer and cross-petition, plaintiffs dismissed their cause of action without prejudice. At an adjourned term of the September term of court, and on the 23d day of November, 1880, the defendant C. was forced into trial against his objection, and a judgment rendered that H. and brother's claim was a prior lien to his. *Held,* That the action was not triable at the term of the court at which C. filed his answer, and that the judgment must be reversed, and the cause remanded for a new trial.

*Error from Dickinson District Court.*

ACTION brought by Alfred W. Rice and H. H. Floyd, partners as *Rice & Floyd,* against *Simpson* and two others, to enforce a mechanics' lien upon lots 12 and 13, in block 21, in Kinney and Hodge's addition to the city of Abilene. C. A.

Hodge and H. J. Hodge, partners as Hodge Brothers, and David T. Snyder were upon their request made parties to the action. The pleadings, proceedings and facts appear in the opinion. At the September Term, 1880, of the district court, the Hodge Brothers recovered a judgment against *Rice & Floyd* and defendant *Crosby*, who bring the case here.

*John H. Mahan,* for plaintiffs in error Rice & Floyd; *J. R. Burton,* for plaintiff in error Crosby.

*McClure & Humphrey,* and *Culbertson & Mead,* for defendants in error Hodge Bros.

The opinion of the court was delivered by

HORTON, C. J.: On the 12th day of August, 1879, Rice & Floyd brought their action against Barclay Simpson, Catherine Simpson and Theodore C. Crosby, in the district court of Dickinson county, to enforce a mechanics' lien upon lots twelve and thirteen, in block twenty-one, in an addition to the city of Abilene. The petition alleged that Catherine Simpson was the owner of the lots, Barclay Simpson was her husband, and that Theodore C. Crosby claimed some interest or lien upon the premises. On the 4th of September, 1879, Barclay and Catherine Simpson filed their answer in the case. On the 25th day of February, 1880, the Hodge Bros. filed an answer or cross-petition, styled by them an interplea, to foreclose a mechanics' lien for $97.05, on the same premises. On the 17th day of March, 1880, Rice & Floyd filed an answer or reply to said cross-petition, denying all the allegations therein contained. On the 27th day of September, 1880, Rice & Floyd dismissed without prejudice their action. On the 8th of October, 1880, the attorneys of the Hodge Bros. suggested the death of Catherine Simpson, and asked that the case be revived against one P. A. Smith, as her administrator. The motion was granted, against the objection of Rice & Floyd. On the same day, such administrator appeared, waived notice, and filed an answer to the cross-petition of the Hodge Bros. The record shows that the answer of Theodore

C. Crosby was placed among the papers in the case at the commencement of the September term, 1880, and the same was treated as filed, and Crosby was regarded by all the parties as before the court from the time of presenting his answer, but by an oversight the entry of filing was not made upon the paper. The attention of the court was called thereto, and upon the application of the counsel of Crosby, the court ordered the cross-petition to be marked filed November 23, 1880. On the same day Hodge Bros. filed their reply to this answer and cross-petition. Thereupon the case was called for trial. Rice & Floyd objected, the objection was overruled, and then they applied for a continuance, and filed an affidavit in support thereof. The attorneys for Hodge Bros. consented that the affidavit might be read in evidence, and the motion for continuance was overruled. The defendant Theodore C. Crosby then demanded a separate trial, which the court refused. The counsel for the parties waived a jury, but the counsel for Rice & Floyd and Crosby objected to the case being called for trial, upon the ground that it was not triable at the September term of court. Finally, when all the objections and motions of counsel were overruled, and the case was peremptorily called to be heard, the counsel of Rice & Floyd and Theodore C. Crosby then demanded a jury, which the court refused for the reason that a jury had been waived by them, and the jury had already been discharged from further attendance upon the court. The trial was then proceeded with. The court rendered judgment in favor of the Hodge Bros. against P. A. Smith, as administrator of the estate of Catherine Simpson, deceased, for the sum of $95.70, and declared such judgment a prior lien upon the premises. The court further rendered judgment in favor of Theodore C. Crosby for $618 against Barclay Simpson, and P. A. Smith as administrator of the estate of Catherine Simpson, deceased, and declared such judgment the second lien on the premises. Rice & Floyd and Crosby each moved the court for a new trial, and took exceptions to the overruling of the same.

10 — 26 KAS.

These parties now complain of the proceedings of the district court, and ask for a review and a reversal thereof.

We do not understand from the examination of the record that Rice & Floyd are in condition to be heard as to any alleged error in the record. Long before the trial they dismissed their action without prejudice to a future action, and the answer which they filed to the cross-petition of the Hodge Bros. does not set forth any facts authorizing them to contest their claim. We therefore can only examine the complaints of Theodore C. Crosby. The objection that the dismissal of the original cause left nothing to try, does not avail. After the answer and cross-petition of the Hodge Bros. was filed, Crosby filed his answer and cross-petition. To this the Hodge Bros. replied; therefore issues were made up between the Hodge Bros. and Crosby upon the pleadings filed by them respectively, independent of the original action commenced by Rice & Floyd. We think, however, that the court erred in forcing Theodore C. Crosby to trial at the September term. No service of any summons was made upon him, and his first appearance in the case was the presentation of his answer and cross-petition, which, according to the record, appears to have been done after the commencement of the September term for 1880. He was made a defendant in the original action, and his answer and cross-petition were presented to the court before the dismissal by Rice & Floyd of their petition. It is substantial error to force a defendant over his objection to go to trial at a term prior to that at which the action first became triable, and error sufficient to compel a reversal of a judgment rendered against him upon such trial. (Sec. 315 of the code, as amended; Laws of 1871, ch. 116, § 5; *Gapen v. Stephenson*, 18 Kas. 140.)

Counsel for defendants suggest that Crosby had filed his petition out of time, and elected to go to trial; therefore the rule in *Gapen v. Stephenson*, supra, is not applicable. We do not think there is any force in the suggestion. Crosby was not served with a summons, and therefore was not out

of time in filing his petition after the commencement of the September term of court. The record is somewhat blind in its statement as to the actual proceedings in regard to the waiver of a jury, and the calling of the case for trial, but we do not understand from it that Crosby elected to go to trial at the September term of court. On the other hand, it appears that the counsel for Crosby stated upon the first call of the docket that they were not ready for trial, and also objected to a trial because the issues had not been made up ten days before the term. It is true that Rice & Floyd stated the case was a court case, and no jury was needed, and the court set the case for trial at the adjourned term, among the cases to be tried by the court without a jury; yet when the case was called at such adjourned term, the counsel for Crosby renewed his motion for a continuance, for the reason that the case was not properly triable at the term. We therefore do not think that Crosby waived his objection. Under the answer and cross-petition filed by Crosby, he had the right not only to contest the priority of the liens, but the right to contest the amount of the lien claimed by the Hodge Bros. He was interested not only in establishing his lien, but he was also directly interested in attempting to reduce the amount of the lien of the Hodge Bros., and if possible to defeat it altogether, for such lien was prior and paramount to his own. The interpretation of the pleadings by the court, that they only affected the priority of the liens, was not correct.

It is not necessary to inquire into any of the other alleged errors occurring on the trial.

The judgment of the district court as to Rice & Floyd will be affirmed, and as to Crosby reversed, and the case between Crosby and Hodge Bros. remanded for a new trial.

All the Justices concurring.