ELIZABETH BOSTWICK v. JOSEPH A. BLAIR *et al.*
No. 39.

1. APPEAL—*Necessary Parties.* Only the parties who are bound by the judgment rendered in the trial court are necessary parties to the proceedings in error in this court.

2. TIME OF TRIAL—*Absence of Plaintiff*—*New Trial.* It is substantial error to force a plaintiff to trial at a term prior to that at which the action first became triable; and where such trial is had in the absence of plaintiff, and within three days thereafter such plaintiff files a motion for a new trial, by which that question is brought to the attention of the court, it is error sufficient to compel a reversal of a judgment for the court to overrule the motion for a new trial.

MEMORANDUM.—Error from Rice district court; J. H. BAILEY, judge. Action to foreclose a mortgage, brought by Elizabeth Bostwick against Joseph A. Blair and others. Judgment for certain of the defendants, and plaintiff brings the case here. Reversed. The opinion herein, filed January 17, 1896, states the material facts.

*J. D. Houston, J. D. McFarland, J. F. Craig,* and *Wm. Osmond,* for plaintiff in error.

*Samuel Jones,* and *C. F. Foley,* for defendants in error.

The opinion of the court was delivered by

COLE, J. : Elizabeth Bostwick brought her action in the district court of Rice county against Joseph A.

Blair, Albert L. Perry, Celia Perry, Albert L. Perry, trustee, Alfred M. Boomer, Nancy D. Boomer, T. E. Nash, The Lyons Town Company (a corporation), M. D. Tucker, Mary J. Tucker, A. L. McMillan, and The Bunnell & Eno Investment Company, for the foreclosure of a certain mortgage upon real estate situated in said county. The defendant The Bunnell & Eno Investment Company filed a disclaimer. The defendant Joseph A. Blair filed his demurrer to the petition in said cause, and the defendants A. L. Perry, trustee, A. L. Perry and Celia Perry filed their demurrer to the petition of plaintiff in said cause. On the 1st day of September, 1891, at the September term of said court, each of the demurrers filed was overruled, and. thereupon, on the 8th day of September, 1891, the defendants Joseph A. Blair and A. L. Perry filed their separate answers, and on the 17th day of September, 1891, the plaintiff filed her replies to the separate answers of Blair and Perry, and this was all the pleadings filed in said cause. On the 25th day of September, 1891, the cause was tried, the plaintiff not being present, and a judgment was rendered against said plaintiff; and thereupon, in due time, she filed her motion for a new trial, setting up among other grounds irregularity in the proceedings of the court, and that said cause was not properly reached for trial at the time the same was tried, which motion was overruled, and the plaintiff brings the case here for review.

The defendants in error present a preliminary question which first demands our attention. They claim that the judgment of the district court affected not only the parties who are made defendants in error in this court, but also all other parties defendant in the lower court, and that, as the other defendants have not been brought to this court, the proceedings in error

should be dismissed.    We will first examine this question.    The decree rendered by the district court of Rice county on the 25th day of September, 1891, recites as follows :

"And be it further remembered, that on the 25th day of September, 1891, being a regular day of the September, 1891, term of this court, and this cause being regularly on the docket and regularly set for trial, on this day came duly on to be heard upon the issue heretofore joined in this cause between the plaintiff herein, Elizabeth Bostwick, and the defendants Albert L. Perry, trustee, Albert L. Perry, Celia Perry and Joseph A. Blair.    The plaintiff appeared not. The defendants Albert L. Perry, trustee, Albert L. Perry and Joseph A. Blair appeared in person, and the said Albert L. Perry, Celia Perry and Joseph A. Blair appeared also by their attorneys, A. M. Lasley, Jones & Jones, and C. F. Foley.    Whereupon the court proceeded to hear the cause upon the issues joined between the plaintiff and the said defendants Albert L. Perry, trustee, Albert L. Perry, Celia Perry, and Joseph A. Blair, a jury being in open court expressly waived ; and thereupon the defendant Joseph A. Blair introduced his testimony and rested his case, the plaintiff having failed to introduce any testimony."

And said decree further recites :

"It is further ordered that this cause, as between the plaintiff, Elizabeth Bostwick, and the defendants Alfred M. Boomer, Nancy D. Boomer, T. E. Nash, The Lyons Town Company (a corporation), M. D. Tucker, Mary J. Tucker, A. L. McMillan, and The Bunnell & Eno Investment Company, do stand continued until the January, 1892, term of this court."

It is clear from this decree that when the district court of Rice county took up this case, on the 25th day of September, 1891, it entered upon the trial of a specific issue between the parties which are named in the decree as above set forth.    It is also clear that the

court could only hear and determine one case at a time, and that, in the hearing of said case, no judgment could be rendered by the court affecting the interests or rights of any party not before the court. The decree recites that the case which was heard was one in which Elizabeth Bostwick was plaintiff and Joseph A. Blair, Albert L. Perry, trustee, Albert L. Perry and Celia Perry were defendants; and, if the cause was properly triable at that time, the court could render a decree affecting the rights of those parties. It is true that there are statements in the decree setting forth that the title to the real estate in question in that case was quieted in Joseph A. Blair so far as all the defendants as well as the plaintiff were concerned, but the decree must be taken as a whole, and so construed, if possible, as to give force and effect to all of its statements. If this cannot be done, then any general statements in the decree must yield to those which are specific and positive in their terms. It ought not to be presumed that the court rendered a decree which it had not the power to render, and where such decree specifically recites, first, that it was the judgment of the trial court in an action between certain parties, who are named, and afterward recites that the action, so far as all other parties are concerned, is continued until another term of court, it must be assumed that the general statements contained in the decree with regard to the quieting of title in Joseph A. Blair as to all defendants refer to such defendants as were properly before the court. In any event, as before stated, they were the only parties who could be affected, and a decree which attempted to affect the rights of others would be of no force or effect. It follows from these views that the only parties who were affected by the judgment of the trial court were the plaintiff in error on the one hand

and Joseph A. Blair, Albert L. Perry, trustee, Albert L. Perry, and Celia Perry, all of these parties having been brought into this court, unless it be Albert L. Perry, trustee. The record nowhere discloses for whom Albert L. Perry was trustee, and the appending of the simple term "trustee" does not grant any rights, and is void for uncertainty. It is merely *descriptio personæ*, and all proceedings against Albert L. Perry are binding in such a case upon Albert L. Perry, trustee. We are of the opinion, therefore, that the motion to dismiss must be overruled.

With our view of this case, we only consider it necessary to pass upon one question presented, so far as the merits of the controversy are concerned. Upon the first day of the September, 1891, term of the district court of Rice county, this controversy, as far as it affects the parties herein interested, stood upon an issue of law raised by the demurrers of Blair and the Perrys. This issue was determined during said term of court, and an answer filed by the defendants Blair and A. L. Perry, to which replies were filed eight days prior to the day upon which said cause was heard, and during the same term of court. It appears from the record that the regular judge of said court, after having disposed of the demurrers in said cause, necessarily absented himself on account of sickness, and one of the attorneys for defendants in error was elected judge *pro tem.*, and set this cause for trial for the 25th day of September, 1891. Now, we believe that the action of the trial court in setting a cause for trial is in the nature of an order, and could only be made by one having the right to make such an order, and, while the judge *pro tem.* had all the powers of the regular judge in his absence, it must still be doubted whether either the regular or

the *pro tem.* judge could make an order to the prejudice of an absent party in a case in which such judge is an attorney of record. Our opinion is that he could not. In a case where the judge has been of counsel in a cause, either a judge *pro tem.* should be elected under paragraph 1965 of the General Statutes, who should make all orders in the case, or a change of venue should be granted, the jurisdiction of the interested judge closing with the order changing the place of trial. (Gen. Stat. 1889, ¶ 4135.) From these views, it follows that no proper order was made setting this cause for trial. We are of the opinion, however, that, even if such order had been regularly made, the action was not properly triable at the September, 1891, term of the district court of Rice county. The attorneys for plaintiff were present when the demurrers were heard and overruled, and at that time this cause was not set down for trial. The regular judge of the court had stated that he must absent himself on account of personal illness, and, while the record discloses that the plaintiff was insisting upon the trial of the cause at the September term, it cannot be presumed that she wished the trial to take place in the absence of herself or her attorney, and with no notice having been received by them of the day when said cause was set for trial.

It appears, also, from the record, that one of the attorneys for the plaintiff, having received a telegram upon the day of trial that said cause had been set for trial on that day, drove immediately some 40 miles for the purpose of being present, if possible, when said case was called for hearing. We cannot see where any blame could be imputed to the plaintiff in error in this case, and are clearly of the opinion that the refusal of the trial court to grant a new trial was re-

versible error, under the decisions of our supreme court. (*Gapen v. Stephenson*, 18 Kan. 140; *Leighton v. Dixon*, 42 id. 616.)

The judgment of the district court will be reversed, and this cause remanded for a new trial.

All the Judges concurring.