THE CITY OF EUREKA v. ANNETTE ROSS.

No. 12,291.    (67 Pac. 849.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Demurrer—Time of Trial.* Section 315 of the code (Gen. Stat. 1901, § 4763) provides when actions are triable. Under its provisions, when a demurrer to a petition is overruled but is not adjudged frivolous, and leave to answer is given, the case is not triable upon issues of fact joined at the term of court such ruling is made; and it is error to compel a trial of the case over the objection of a party to the action, made upon the ground that the action is not triable upon issues of fact at such term.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed February 8, 1902. Reversed.

*Howard J. Hodgson,* for plaintiff in error.
*Fuller & Jackson,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This is an action by Annette Ross against the city of Eureka to recover damages for personal injuries, the result of a fall alleged to have been occasioned by the negligence of the city in the maintenance of a board sidewalk on one of its streets. The plaintiff had verdict and judgment, and the city brings error. We shall notice but one of the many grounds of error presented. The others appear not to be well taken.

This action was commenced on the 12th. day of June, 1900. On the 10th day of July defendant filed its motion to make the petition definite and certain and to strike out certain allegations found therein. On the 17th day of July plaintiff confessed this motion by the filing of an amended petition. To this amended

petition the city filed its demurrer on the 6th day of August. On the 4th day of September, and at the regular September, 1900, term of the court, the case came on for hearing upon this demurrer to the amended petition, and the following order was made thereon :

"Now, on this 4th day of September, 1900, the same being one of the regular days of the September, 1900, term of the district court of Greenwood county, Kansas, the above plaintiff appeared by her attorneys, Jackson & Fuller, and defendant appeared by its attorney, Howard J. Hodgson, and said cause came on to be heard upon the demurrer filed by defendant to the amended petition filed by said plaintiff, and the court, after examining the pleadings and listening to argument of counsel, finds that said demurrer is not well taken and ought to be overruled.

"It is therefore by the court ordered, adjudged and decreed that said demurrer be overruled ; to which ruling of the court the defendant at the time, by its attorney, duly excepted.

"The defendant, therefore, asked that it be given twenty days from said day to answer herein, and that said cause be continued until the next term of this court, which application was by the court refused, and said defendant given until Monday morning, September 10, 1900, to file its answer herein, said cause to stand for trial at this term of court, at the option of plaintiff; to which ruling of the court the defendant at the time excepted."

On September 10 the city answered. A reply was filed thereto on September 12, and the defendant was on the 17th day of September, over the objection made by its counsel that the cause was not properly triable at the time, forced to go to trial. It is contended that this is error. Section 315 of the code (Gen. Stat. 1901, § 4763) provides :

"Actions shall be triable at the first term of the court after the issues therein, by the times fixed for

pleading, are or shall have been made up ten days before the term. When issues of law are made up either before or during a term of court, but after the period for preparing the trial docket of such term, the clerk shall place such actions on the trial docket of that term ; and when any demurrer shall be adjudged to be frivolous, the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance ; but the court may, in its discretion, fix specially the time when such cause shall stand for trial.''

Section 313 (Gen. Stat. 1901, § 4761), providing for a trial docket, is as follows :

"A trial docket shall be made out by the clerk of court at least twelve days before the first day of each term of the court, and the actions shall be set for particular days in the order hereinafter stated, and so arranged that the cases set for each day shall be tried, as nearly as may be, on that day, namely : First, issues of fact to be tried by a jury ; second, issues of fact to be tried by the court ; third, issues of law. If the defendant fails to answer or demur, the cause, for the purpose of this section, shall be deemed to be at issue upon questions of fact ; but in every such case the plaintiff may move for and take such judgment as he is entitled to on the defendant's default on or after the day on which said action shall be set for trial. No witnesses shall be subpœnaed in any case while the cause stands upon issue of law ; and whenever the court shall regard the demurrer in any case as frivolous, and put in for delay only, no leave to answer or reply shall be given, unless upon payment of all costs then accrued in the action.''

From an examination of section 315 and the authorities construing it, we are of the opinion that its true construction is that an issue of law is triable at any time ; that an issue of fact is not triable at the term of court at which it is joined, over the objection of a party to the action, unless such issue of fact is

joined by permission of the court upon the overruling of a demurrer adjudged to be frivolous. This is the construction which this section of the code, as then amended and as it now stands, received from this court in the case of *Gapen v. Stephenson*, 18 Kan. 140, and this construction was arrived at in that case by a comparison with former enactments upon the same subject-matter. This construction also derives support from the provisions of section 313, which prohibits the preparation for trial of an issue of fact by the issuance of subpoenas for witnesses while the case stands upon an issue of law, and also forbids the trial court to grant leave to answer or reply, upon the overruling of a demurrer adjudged to be both frivolous and put in for delay only, except upon payment of all costs accrued in the action by the offending party. In the case at bar, had the court adjudged the demurrer frivolous, no error would have been committed in compelling the defendant to go to trial at the same term such ruling was made, and the trial court could have then designated the day the case would stand for trial upon the issues of fact joined by leave of the court. This, however, was not done. The order made upon the demurrer was simply one overruling it. No judgment of the court was passed holding the demurrer frivolous.

It follows, upon the authority of *Gapen v. Stephenson*, supra, and the case of *Rice & Floyd v. Simpson*, 26 Kan. 143, and the many other decisions of this court following the ruling made in that case, that the action was not triable when tried. For this reason, the judgment will be reversed and a new trial ordered.

Doster, C. J., Smith, J., concurring.