GENESEE COUNTY SAVINGS BANK v. OTTAWA CIRCUIT JUDGE.

*Costs—Expenses of taking care of attached goods.*

1. A re-taxation of costs to include the expense of taking care of property attached in the case was properly *denied* where the affidavit for taxation did not give the names and identify the services of those whom plaintiff claimed to have paid, nor itemize the expenditures.

2. An affidavit for the taxation of costs should itemize them with exactness especially if those to be charged with them are not interested alike.

54 MICH.—20

3. Expenses of taking care of goods under attachment are not, *it seems,* a lien on the property after the goods have been released by a supersedeas bond and the case is ended; and it is doubtful if such expenses are taxable as costs.

Mandamus.    Submitted June 17.    Denied June 25.

*Harrison Geer* for the writ.

*H. C. Akeley* and *Isaac P. Christiancy* against.

CAMPBELL, J.    A mandamus is sought to compel respondent to vacate an order refusing to set aside taxation of costs and order a re-taxation in the case of *Genesee County Savings Bank v. The Michigan Barge Co., Edward P. Ferry and Thomas W. Ferry.*    That suit was begun in February, 1883, for a claim of $5000 and a little interest, by levy of attachment on eight barges, appraised at $44,000, and lands appraised at $187,840.    This attachment was by the circuit judge of Ottawa county dissolved in June, on an application made in May.    This was reversed on certiorari by this Court in December, 1883.    [52 Mich. 164.]    Meanwhile judgment was rendered in the suit in September, 1883, and costs were taxed in due form by the clerk.    This judgment was removed to this Court on writ of error, and a supersedeas bond was given at once.    The judgment was afterwards affirmed in January, 1884.    [52 Mich. 438.]    March 10, 1884, an affidavit was made on behalf of relator, setting up inadvertence in preparing the taxed bill, and claiming that plaintiff had made expenditures for the keeping and other services in connection with the attached property, which were described as $877 paid to ship-keepers for taking care of and watching the barges from February 3 to September 8; $24 paid deputy sheriff for similar services; and $23 paid to tug for their removal.

The circuit judge was of opinion that the delay of relator in applying for re-taxation after nearly six months had passed, and two regular terms of court had intervened, was not sufficiently explained.    He was also of opinion that the affidavit —assuming that such expenses were taxable—did not set out

sufficiently either the items themselves or the circumstances and necessity for them, and that such items were not such as the clerk could tax.   And having exercised his discretion upon the various matters set up in the affidavits, he submitted that mandamus ought not to lie to review it.

The affidavit is entirely defective in not pointing out the names and services of the different persons to whom plaintiff claimed to have made the payments.   There is no statement that these payments were made by the sheriff or to him, or that they were made in a round sum or at the same time. · It has always been required that items of expenditure for taxation should be separately and definitely set forth so that each may be dealt with on its merits.   It appears from the return that the bill of costs actually taxed included sheriff's fees.   In the absence of any more definite showing, it would be impossible on any theory of liability to determine relator's rights. The affidavit presented to the circuit judge was designed to procure relief on the facts which it stated, and it was certainly insufficient.

The importance of more exactness is the more manifest when it is considered that here were eight different barges and a large amount of land, which the sheriff would be censurable for levying on, unless, as is probable, there may have been incumbrances and adverse claims.   It would depend very much on the condition, not only of the property itself, but of the title and incumbrances, what care was needed, and who was most interested in its care.   The theory of this application is that the defendants were the only persons interested; but it appears affirmatively that the property was not the joint property of the defendants, so that they were not all interested jointly in its care, and it is quite possible that there may have been mortgagees or other incumbrancers entitled to rights, which may have had an important bearing on both the continued possession and the value of defendants' interest in the several vessels.

While we were asked to consider the rights of plaintiffs and sheriffs to collect, in one shape or another, expenditures touching attached property, we cannot do so without better

means of judging. The attached property, which might have been sold on execution, was released by the supersedeas bond, and we have discovered no authority for making such expenses a lien on the property after such action. The case does not show how far the sheriff had any part in these expenses, and it would seem that this may have something to do with determining the character and extent of liability. But it is enough to say now, that the authorities laid before us do not sanction the idea that such items can be taxed in the ordinary way as costs, or that they come within the jurisdiction of a taxing officer. This being so, it is not quite safe to lay down rules for a case not before us. The circuit judge acted rightly, and within his authority.

The mandamus must be denied with costs.

The other Justices concurred.