JOSEPH A. TREAT v. JOHN DUNHAM.

[See 72 Mich. 599.]

*Fraudulent conveyances—Attachment—Affidavit—Recital of indebtedness—Judgment—Evidence.*

1. When an officer justifies the holding of goods under a writ of attachment, valid upon its face, the recital of indebtedness in the affidavit must be taken as *prima facie* evidence of such indebtedness. *Cook v. Hopper*, 23 Mich. 511; *Manning v. Bresnahan*, 63 Id. 584 (head-note 3).

2. A judgment, under our practice, against the plaintiff in attachment which is appealed from, does not dissolve the attachment, but the lien of the writ continues until the final disposition of the case against him.

3. A judgment against the plaintiff in an attachment suit is not admissible in evidence for the purpose of showing that there was no indebtedness due at the time of the issuance of the writ, from the defendant to the plaintiff, until four days after the rendition of the verdict.

Error to St. Joseph. (Loveridge, J.) Argued October 3, 1888. Decided February 15, 1889.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*S. M. Constantine (W. G. Howard,* of counsel), for appellant.

*H. O. Bliss* and *Dallas Boudeman,* for plaintiff.

[The points of counsel are stated in the opinion.—
REPORTER.]

MORSE, J.    The plaintiff in this case is a physician,
residing in Stewart, Iowa, and sues in trover for the con-
version of certain merchandise, which he claims he pur-
chased of his brother, John E. Treat, at Three Rivers, in
this State.    The goods consisted of a portion of a stock
of jewelry, and were at the time of the purchase in the
store of the said John E. Treat.    The plaintiff claims
that he bought all of the stock, furniture, and fixtures
in his brother's store, paying therefor the sum of $5,000,'
and taking a bill of sale of the same, dated June 17,
1887.

The defendant justified under a levy upon the goods by
virtue of a writ of attachment issued in favor of the
Julius King Optical Company and against John E. Treat.
The levy was made June 27, 1887, at which time the
defendant claimed the goods were the property of said
John E. Treat.    The circuit judge directed a verdict in
favor of the plaintiff for the sum of $936.75.    The
defendant brings error.

The plaintiff, upon the trial, made his case by showing
his bill of sale and purchase for the consideration therein
expressed, and that he was in possession of the property
when it was taken by the defendant, and the value was
over $900.

The defendant offered no evidence of an indebtedness
of the defendant in attachment, John E. Treat, to the
plaintiffs in attachment, save the recital in the affidavit
upon which the writ was based, and this was the reason
assigned by the circuit judge for taking the case from the
jury; the court holding that until such indebtedness was
shown the defendant had no standing in court to question
the good faith of the plaintiff in his purchase.    It was

also shown by the plaintiff, against the objection of defendant's counsel, that before the trial, and on February 8, 1888, judgment in the attachment suit was entered against the King Optical Company, and in favor of John E. Treat. It is claimed by plaintiff's counsel that it was necessary for the defendant, the officer justifying under the attachment, to prove the existence of a debt, due at the time the writ was issued, from John E. Treat to the plaintiffs in the attachment suit, and that this could not be proven by the affidavit for the writ. The counsel relies upon the ruling of this Court in *Cook v. Hopper*, 23 Mich. 516, to support this proposition.

The counsel further argues that, even if he be incorrect in this claim, the fact established, that judgment had been entered against the plaintiffs in the attachment suit before the trial of this cause, ended the case of the defendant, as he could not justify his holding of the property under a writ of attachment in a case wherein judgment had passed against the plaintiffs in such writ. He cites, to sustain this position, the following cases: *Rinchey v. Stryker*, 28 N. Y. 45; *Orr v. Keyes*, 37 Mich. 385; *Wilson v. Martin*, 44 Id. 509 (7 N. W. Rep. 83); *Rolfe v. Dudley*, 58 Id. 208 (24 N. W. Rep. 657).

As these two questions are vital ones, we will discuss them first, and afterwards notice the other errors assigned.

1. We think the circuit judge was in error upon the proof of indebtedness. When a sheriff, or other officer, as in this case, justifies the holding of goods under a writ of attachment, valid upon its face, the recital of indebtedness in the affidavit must be taken as *prima facie* evidence of such indebtedness. It may be disputed, and, if it is, it then devolves upon the officer to prove the indebtedness to the satisfaction of the court and jury, and by other evidence than the affidavit. But the putting in evidence of the attachment papers, if they are valid upon

their face, in the absence of any proof tending to show that no indebtedness exists as a basis for such attachment, is a sufficient showing upon the part of the officer to enable him to contest the title of the party seeking to reclaim the goods taken, whether the action be replevin, trespass, or trover. The case of *Cook v. Hopper, supra,* does not conflict with this holding. It was held in that case that the recital in the affidavit was not *conclusive,* and that such recital could be contradicted. See *Cook v. Hopper,* 23 Mich. 511. In the case at bar no evidence was introduced by the plaintiff to dispute the affidavit of indebtedness, excepting the record of the judgment in the attachment case, which had been rendered three days before the trial of this case.

2. We will now consider the effect of this judgment upon the case at bar. The matter comes before us in a peculiar way, and the result, if the judgment in the case at bar is affirmed, will be somewhat complicated, and perhaps end in a failure of justice. A writ of error was sued out in both cases. The attachment case of the *Julius King Optical Co. v. John E. Treat* was first argued before us. From the record in that case it appears that the judgment therein, upon which the plaintiff in this case seeks to predicate his judgment, was obtained upon rulings of the court below which we find to be erroneous, and a new trial has been granted. There is therefore now no judgment in that case. See *Optical Co. v. Treat,* 72 Mich. 599 (40 N. W. Rep. 912). It also appears from the record in the attachment suit that the recovery of the plaintiffs therein depends, not upon the question whether John E. Treat was indebted to the King Optical Company, but whether or not the indebtedness was due at the time the writ was issued, and that the question to be thus determined is one of fact entirely, and resting in parol. It will therefore be seen that if we

hold, in the case at bar, that the existence of this judgment, at the time of the trial, is conclusive in favor of the plaintiff in this suit, and entitles him to an affirmance of the judgment he has recovered, we bar the officer levying the attachment from any claim upon the goods attached, and he must pay their value to plaintiff. The attachment process is nullified, without regard to the question whether the plaintiff, or his brother, John E. Treat, the attachment debtor, owned the goods taken at the time they were seized under the attachment writ; and if, upon another trial of the attachment suit, it shall be determined, as it may be, that the debt was due at the time the writ was issued, there will be a failure of justice, as by the affirmance of the judgment in the case at bar the lien of the King Optical Company upon these goods, and their right to contest the validity of the sale from John E. Treat to his brother, will be forever lost, when in right such contest ought to be allowed.

We allude to this condition of the record in the two cases, and a result which may be probable, not for the purpose of adapting the law to the peculiar exigencies of this case, but for the purpose of showing the necessity of a careful examination to ascertain what the true rule of law is in cases of this kind, keeping in view the familiar principle that the law is seldom, and never ought to be, made the instrument of a real injustice, or to uphold a wrong.

We are satisfied, upon a careful examination of the subject, that the judgment was not admissible in evidence for the purpose of showing that there was no indebtedness due, at the time of the issuing of the attachment writ, from the defendant in attachment to the plaintiffs in attachment. The attachment was not dissolved immediately upon the entry of this judgment, and such judg-

ment could not bar the right of the defendant in this suit to plead his writ, and contest the ownership of the property. The judgment entered in the attachment suit on the same day the verdict was rendered, and only three days before the verdict in the case at bar, was not, under our practice, competent evidence in this suit to show that there was no debt due from John E. Treat to the Julius King Optical Company at the time the attachment writ was issued. A judgment, under our practice, against the plaintiff in attachment, which is appealed from, does not dissolve the attachment, but the lien of the writ continues until the final disposition of the case against him.

It may be said in answer to this that the judgment in this instance had not been appealed from at the time it was offered and received in evidence, and therefore it stood of record as a finality, and was admissible as such. The record does not show whether this is so or not; but, taking it for granted that no steps had yet been taken to take out a writ of error, yet we think the judgment was not in a condition to be introduced in evidence for the purpose of shutting out the defense. It was not usual, in the earlier practice, to enter judgment upon a verdict at once. The practice now very generally prevails of entering the final judgment at once upon the verdict of the jury or finding of the court, subject, however, to be set aside if a motion for new trial or in arrest be made and granted. 1 Green, Pr. 289. The circuit court rules, as they now stand, give two days in which to move for a new trial or in arrest of judgment. If a motion for new trial is made and denied, two days are also allowed after such denial in which to move in arrest. Rules 31, 32. If the judgment is entered upon the verdict before the two days in which these motions are permitted to be made by the rules, such judgment is provisional, and cannot be considered as final until the expiration of that

time.   It cannot be made the basis for any proceeding upon it as a final judgment before the two days, in any event.   *Harvey v. McAdams*, 32 Mich. 472.   And we think that it cannot be so used until four days after the rendition of the verdict.   This is the time allowed by the rules, without reference to further time being granted by the court, for the entry of both motions in case the losing party may see fit to claim the privilege of first entering his motion for a new trial, and then to supplement it, if denied, by his motion in arrest.   And four days must elapse under the circuit court rules before a default absolute can be entered, except in those circuits where a shorter time is permitted.   And under the common-law practice a judgment entry was regarded as *nisi*, and not absolute until four days after verdict.

The judgment of the court below is reversed, with costs, and a new trial granted.

The other Justices concurred