CHARLES T. FLETCHER ET AL. v. MYRON A. MORRELL.

*Sheriffs and ex-sheriffs—Right to execute process—Fees.*

1. It is the duty of an ex-sheriff who has attached property in his custody, after an execution has been issued in the suit, to expose such property to the sheriff, when requested by him, in order that it may be taken in execution and sold to satisfy the same.

2. If an ex-sheriff has any valid charges as custodian, he should make out his bill of items, and present it to the clerk or other taxing officer for taxation, or, if they are *not* statutory fees, he should apply to the court for such allowance upon motion, and notice to the parties interested. He has no right arbitrarily to fix his own price, and retain the property until paid.

3. The right of an ex-sheriff to execute process until the service upon him of the clerk's certificate required by How. Stat. § 597, showing that his successor has qualified and given the security required by law, exists only as to such process as he has in his hands, and which he is required by How. Stat. § 599, to deliver to his successor upon service of such certificate.

4. The following propositions are summarized from the opinion of Mr. Justice CHAMPLIN:

*a*—Whether a sheriff can be allowed for ·custody of goods levied upon, query? *Bank v. Judge*, 54 Mich. 305.[1]

*b*—How. Stat. §§ 587, 599, 601, deal with process, and not with property, in the hands of the ex-sheriff.

*c*—The requirement that if the sheriff whose term of office is about to expire has commenced the service of process he shall complete the same, is to prevent a divided responsibility in the execution of process.

*d*—A writ of attachment is *mesne* process, and must be returned by the officer, and when so returned remains in the custody of the clerk as a part of the files in the case. The property attached remains in the custody of the officer who served the writ until the suit is disposed of, unless bonded or the attachment is dissolved.

*e*—If judgment is entered for plaintiff in attachment, execution is to issue thereon to the sheriff or other proper officer of the county, but there is no authority in the law for issuing an execution or other process to a sheriff whose term of office has expired, and whose right to execute process has ceased by the election and qualification of his successor.

*Mandamus.* Submitted November 13, 1889. Granted November 15, 1889.

[1] See *Fletcher v. Kalkaska Circuit Judge*, 45 N. W. Rep. 641, where, on an application by the relators in this case for *mandamus* directing the circuit judge to set aside an order allowing the ex-sheriff $130 for his services as custodian of the attached goods, the writ is granted,—the Court holding that, the ex-sheriff having been paid his statutory fees and expenses in full, the order of the circuit judge allowing additional compensation is illegal and void.

Relators apply for *mandamus* requiring respondent as ex-sheriff to turn over to his successor goods taken by him during his term of office under an attachment. The facts are stated in the opinion.

*Charles B. Lothrop,* for relators.

*W. D. Totten* and *J. L. Boyd,* for respondent.

CHAMPLIN, J. Three questions are presented on this motion. They arise out of the following facts: Morrell, being sheriff of Kalkaska county, attached and took into his possession certain goods and chattels, in which writ the relators were plaintiffs. The sheriff's term of office expired December 31, 1888. Judgment in the attachment suit was recovered in August, 1889. One John E. Rainbow was elected to succeed Morrell as sheriff, and after judgment was rendered, and execution was issued directed to the sheriff of the county of Kalkaska, Sheriff Rainbow demanded the property of the ex-sheriff, who refused to deliver it, claiming that he was entitled to compensation as custodian, for which he charged $400; being for 400 days at $1 a day; and also that having served the attachment, and levied upon property in pursuance thereof, he is lawfully entitled to make sale thereof under the judgment, and that the execution should have been issued to him for that purpose.

If the ex-sheriff has no right to retain possession of the property for the purpose of sale under the final process, he would have no right to retain it because his charges for custody were not first paid. If he has any valid charges as custodian, he should make out his bill of items, and present it to the clerk or other taxing officer for taxation, or, if there are no fees allowed by statute, he should apply to the court for such allowance upon notice and motion to the parties interested. He

has no right arbitrarily to fix his own price, and retain the property or money received on sale. He can only retain his fees allowed by law. But we do not decide that a sheriff can be allowed for custody of goods levied upon, as it is not necessary to determine that question now. *Genesee Co. Savings Bank v. Judge*, 54 Mich. 305 (20 N. W. Rep. 53).

Whether the respondent has the right to complete the service of the attachment by a sale of the property attached depends upon a proper construction of the statutes. Section 7990,. How. Stat., provides that the writ of attachment shall command the sheriff to attach. so much of the goods, etc., as will be sufficient to satisfy the plaintiff's demand, and safely keep the same to satisfy any judgment that may be recovered in such attachment. Section 7998 enacts that the property attached shall remain in the custody of the officer serving the attachment, unless bonded as prescribed by the statute. Section 8007 provides:

"When a copy of the attachment shall have been personally served on the defendant [which was this case], * * * judgment shall be rendered, and execution shall issue thereon, in the same manner, and with. the like effect, as in a suit commenced ·by summons, in which the summons shall have been returned personally served, except that by virtue of such execution the officer to whom the same shall be directed and delivered may sell any property attached in the suit, and remaining in the hands of the officer who served the attachment, wherever the same may be in this State."

The statutes also provide that, upon the election of a new sheriff, the former sheriff shall deliver to his successor—

"All executions, attachments, and final process then in his hands, except such as the said former sheriff shall have executed, or shall have begun to execute, by the col-

lection of money thereon, or by a levy on property in pursuance thereof." How. Stat. § 599, subd. 5.

Section 601 declares that,—

"Notwithstanding the election of a new sheriff, the former sheriff shall return in his own name all writs of *capias ad respondendum*, all other original process, all attachments, and all executions which he shall have fully executed, and shall proceed to complete the execution of all final process and attachments which he shall have begun to execute by a collection of money thereon, or by a levy on property in pursuance thereof."

It is also enacted by section 587 that—

"Sheriffs and their deputies may execute all such process as shall be in their hands at the expiration of the term for which such sheriffs were elected, or at the time of their removal from office."

The three sections last above cited deal with process, and not with property, in the hands of the ex-sheriff. If the sheriff whose time is about to expire has commenced the service of process, the law requires that he should complete such service. This is to prevent a divided responsibility in the execution of process. It may happen that a writ of attachment may be issued during the last days of the sheriff's expiring term, and be made returnable at a time when his successor has entered upon the duties of his office, in which case the statute provides that, if the ex-sheriff has commenced the service of the writ by a levy upon the property, he may go on and complete the service of the writ according to its commands, and make return thereof.

A writ of attachment is *mesne* process, and must be returned by the officer, and when so returned remains in the custody of the clerk as a part of the files in the case. The property attached remains in the custody of the sheriff or officer who served the writ until the suit is disposed of, unless bonded or the attachment is dissolved.

If judgment is entered for the plaintiff, then execution is to issue thereon. There is no authority in the law for issuing an execution or other process to a sheriff whose term of office has expired, and whose right to execute process has ceased by the election and qualification of his successor. The statute requires executions to issue to the sheriff or other proper officer of any county in this State. How. Stat. § 7664.

The execution in this case was properly issued to the sheriff of the county. It is the duty of an ex-sheriff, who has property in his custody by virtue of having attached it, after an execution has been issued in the suit, to expose such property to the sheriff, when requested by him, in order that such goods may be taken in execution and sold to satisfy the same.

The third ground relates to the question whether Mr. Rainbow has qualified. The return sets up that Mr. Morrell has never had served upon him the certificate of the clerk of the county required by sections 597–599, How. Stat. These are as follows:

"Sec. 597. Whenever any new sheriff shall be elected in the place of any other, or upon the expiration of any sheriff's office, and shall have qualified and given the security required by law, the clerk of the county shall grant a certificate under the seal of the circuit court for the county that the person so elected has qualified and given such security.

"Sec. 598. Upon the service of such certificate on the former sheriff, his powers as such sheriff, except in the cases otherwise expressly provided by law, shall cease.

"Sec. 599. Within ten days after the service of such certificate upon such former sheriff, he shall deliver to his successor," etc.

It has been held, under a similar statute in the state of New York, that the former sheriff had authority to execute process until the certificate of the clerk is served

upon him. This has relation, however, only to such process as he has in his hands, and which he is required by section 599 to deliver to his successor upon the service of such certificate upon him.

It follows that the writ of *mandamus* must issue as prayed for.

The other Justices concurred.