## DAVID G. VANDERHOOF v. JOHN PRENDERGAST.

*Attachment—Dissolution by certiorari—Replevin—Fraudulent con-
veyances—Question for jury.*

1. The effect of suing out a writ of *certiorari* by a defendant to review
a justice's judgment in an attachment suit, and of giving the
statutory bond for the payment of any judgment that may be
rendered in the circuit court, is to dissolve the attachment; citing
*Bushey v. Raths*, 45 Mich. 185.

2. Where, in replevin for attached property, there is evidence tend-
ing to show its purchase in good faith by the plaintiff from the
attachment debtor before the levy of the attachment, the defend-
ant can only justify his holding on the ground that the transfer
was fraudulent as to creditors, and this is a question for the jury.

Error to Saginaw. (Gage, J.) Submitted on briefs No-
vember 16, 1892. Decided December 3, 1892.

Replevin. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*Harris & Kendrick,* for appellant.

*F. E. Emerick,* for defendant.

MONTGOMERY, J. Plaintiff brought replevin for 90,000
feet of saw-logs. Defendant justified under a writ of attach-
ment issued against the goods and chattels of one R. M.
Vanderhoof, brother of plaintiff, and offered evidence to
show that the property originally belonged to the defendant
in attachment, and was transferred to the plaintiff in fraud
of creditors. The defendant offered in evidence the writ
of attachment, affidavit, and proceedings before a justice
of the peace. It subsequently appeared that the attachment
case proceeded to judgment before the justice, but that
the judgment so obtained was reversed on *certiorari* after
the commencement of the present suit. The plaintiff offered

various objections to the sufficiency of these proceedings, which were overruled by the circuit judge, and judgment was entered for the defendant for costs, but the judge found the plaintiff to be the general owner of the property, and therefore gave no judgment for its return.

It appeared by testimony that after the case had been removed from justice's court to the circuit court by *certiorari* the defendant was notified of that fact, and that a *certiorari* bond had been given for the payment of the debt, and that he still refused to deliver the property to the plaintiff. We think the effect of suing out the *certiorari* and giving the statutory bond for the payment of any judgment that might be rendered in the circuit court was to dissolve the attachment.

It was held in *Bushey v. Raths,* 45 Mich. 185, 186, that an appeal by a defendant released property from the lien of the attachment. As the condition of the *certiorari* bond is substantially the same, we see no reason for distinguishing between the two cases. The case of *Treat v. Dunham,* 74 Mich. 114, is not opposed to *Bushey v. Raths.* In that case the judgment was against the plaintiff, and of course the appeal-bond gave him no security for the payment of his debt.

The circuit judge was also in error in directing a verdict for the defendant for another reason. There was evidence tending to show a purchase of this property in good faith by the plaintiff before the levy of the attachment, which ran not against the plaintiff, but against a third person. Under these circumstances, even though the writ may have been valid and still in force when the demand was made, the defendant could only justify his holding on the ground that the transfer from R. M. Vanderhoof to the plaintiff was fraudulent as to creditors. This presented a question for the jury, which should have been submitted to them under proper instructions.

It becomes unnecessary to examine the other errors assigned.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.