KAUFMAN *v.* LEONARD.

1. STATUTES—CONSTRUCTION—FOLLOWING PARENT STATE.
   The construction placed upon a statute by the courts of the State from which it is copied will be followed by this court.

2. WAREHOUSEMEN—LIEN—REVIVAL AFTER REMOVAL OF GOODS.
   Where a warehouseman allows goods to be taken away without payment of storage and repair charges, and they are subsequently returned to him for storage, he can retain them until he is paid in full. Section 5031, 2 Comp. Laws.

Error to Wayne, Mandell, J. Submitted January 4, 1905. (Docket No. 10.) Decided February 27, 1905.

Replevin by Adelaide Kaufman against Henry J. Leonard and Thomas Y. Leonard, copartners as Leonard Brothers. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Affirmed.

The household goods of the plaintiff and her husband were damaged by fire. They were subsequently taken to the warehouse of the defendants, who conducted a general storage and warehouse business, repaired, and subsequently restored to the plaintiff and her husband without paying the storage and repair charges, amounting to $67.15. Subsequently plaintiff and her husband separated, divorce proceedings were instituted, and an injunction obtained restraining her husband from interfering with the goods. By consent of the solicitors, the goods were again stored in the warehouse of the defendants. Plaintiff demanded possession. She paid the charges for the last storage. Defendants claimed lien upon the goods for the first storage. She refused to pay this, and brought replevin for the goods. The court directed a verdict for the defendants, and subsequently entered judgment for the amount of the lien, as provided by the statute.

*Oscar M. Springer,* for appellant.

*Harlow P. Davock* and *Ransom G. George,* for appellees.

GRANT, J. (*after stating the facts*).    Did the defendants, as warehousemen, have a lien upon the goods for the first storage? is the only question presented.    Plaintiff's counsel contends that, by surrendering the goods without payment, the lien was waived.    The defendants' counsel contend that under the statute (2 Comp. Laws, § 5031) they had a general lien for all charges against the goods. The statute reads as follows:

" Every warehouseman shall have a lien on all goods, wares, merchandise, and other personal property deposited and stored with him, for his storage charges, and for all moneys advanced by him for cartage, labor, insurance, weighing, coopering, and other necessary expenses to or on such property; and such lien shall extend to and include all legal demands for storage and expenses paid as above, which he may have against the owner of said property; and it shall be lawful for him to detain said property until such money is paid."

Our statute was copied substantially from that of New York.    Under the well-established rule, the construction placed upon the statute by the courts of that State will be followed by the courts of this State.    The New York courts have decided that the lien is general, and attaches to any goods in the possession of the warehouseman to secure payment for all his charges.    *Stallman* v. *Kimberly,* 53 Hun (N. Y.), 531, approved by the New York court of appeals in 121 N. Y. 393.

Judgment affirmed.

. MOORE, C. J., and MCALVAY, BLAIR, and HOOKER, JJ., concurred.