ROEHL STORAGE CO. v. WILSON.

1. ATTACHMENT—CUSTODY OF SHERIFF.
   Property attached by sheriff remains in his custody until the suit is disposed of, unless bonded, or the attachment is dissolved.

2. SHERIFFS AND CONSTABLES—FEES—CUSTODY OF ATTACHED PROPERTY.
   Right of sheriff to fees is dependent upon statute and though he might equitably be entitled to compensation as custodian of attached property, consisting of oriental rugs, court may not go beyond plain letter of statute and allow same (3 Comp. Laws 1929, § 14777).

3. ATTACHMENT—DISMISSAL OF ACTION.
   Right to hold attached property ceases when cause is dismissed.

4. SAME—AGREEMENT FOR STORAGE—WAREHOUSEMAN.
   Agreement between storage company and sheriff with respect to storage and care of oriental rugs which had been attached can have no effect upon owner of attached property or his administrator (3 Comp. Laws 1929, § 14766).

5. WAREHOUSEMAN—LIENS—STATUTES.
   Lien for storage provided by statute is general, but, being statutory, must be strictly construed (2 Comp. Laws 1929, § 9624).

6. SAME—LIENS—ORIENTAL RUGS.
   Storage company which received attached property, consisting of oriental rugs, from sheriff *held*, not entitled to lien for charges in keeping and caring for it, since sheriff had no power to create one and there is absence of personal acts on part of owner or his knowledge or assent required under warehousemen's act, where he had not been served with process (Comp. Laws 1929, §§ 9623-9649, 14766).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 19, 1934. (Docket No. 58, Calendar No. 37,725.)   Decided October 1, 1934.

Bill by Roehl Storage Company, a Michigan corporation, against Ira Wilson, Russell W. Coon and Edward C. Moran, special administrator of the estate of James V. Priest, deceased, to establish a warehousemen's lien and for other relief. From decree for plaintiff against defendant Moran, he appeals. Reversed.

*Schulte & Pare*, for plaintiff.

*George B. Murphy*, for defendant Moran.

BUSHNELL, J.   James V. Priest was the owner of two oriental rugs subsequently appraised at $1,666 which were taken on March 21, 1929, by the then sheriff of Wayne county under a writ of attachment,

and left in plaintiff's custody. Priest, who was never served in the attachment case, died May 2, 1929, and the suit was dismissed for want of prosecution on May 1, 1930. Defendant Moran was appointed special administrator of his estate May 23, 1933, and on June 12th, following, made a formal demand upon plaintiff for the return of the property, refusing, however, to pay plaintiff the sum it claimed for 51 months storage at $5 per month, and certain incidental charges for moving, handling and packing, totaling $290.50. Plaintiff then filed a bill of complaint seeking a lien, or, in the alternative, that the amount due be fixed and the administrator be restrained from instituting a replevin action.

The proofs show that plaintiff accepted attached property from the sheriff with the understanding he would not be liable for storage charges, even though at times, and in this instance at least, it did not know who might claim the property. The rugs were cared for and precaution taken from time to time to make them moth proof.

The trial court held that it was the duty of the heirs or representatives of the estate to make a demand upon the sheriff to produce the property after the dismissal of the writ, and that while no lien existed during the pendency of the attachment action, plaintiff was, nevertheless, entitled to its storage charges from a reasonable time after the death of Priest, the defendant in the attachment action. This time the court fixed as beginning one month from the dismissal of the writ. A decree was entered giving plaintiff a lien upon the property as of June 1, 1930, and enforcement authorized by foreclosure if defendant administrator failed to pay charges of $197 and costs. The decree dismissed the bill of complaint as to defendant sheriff and his deputy.

Appellant claims plaintiff had an adequate remedy at law, either by suit for its storage charges or the submission of a claim to the commissioners on claims in the estate, and the bill should have been dismissed. He argues that since the statutory lien cannot exist unless the goods were stored "by the owner thereof or by any person with the owner or owners' knowledge or assent," 2 Comp. Laws 1929, § 9624, equity cannot create a lien. The liability, he contends, can only be imposed upon the sheriff, and it was the duty of the sheriff to return the property to the owner upon the dismissal of the attachment action.

Appellee argues from the standpoint of an implied contract; presents questions of laches and estoppel; reminds us that the special administrator was appointed on the petition of a creditor who alone is benefited, and that in equity and good conscience plaintiff is entitled to reasonable compensation for the storage, care and preservation of the goods subsequent to the dismissal of the attachment suit.

It may be true that the deceased had no knowledge of the seizure of the goods, that the rugs were cared for and the estate benefited by plaintiff's acts, and that it seems unreasonable to hold that the estate should not pay a reasonable amount for the preservation of the property, especially since more than three years passed during which time no action was taken to obtain possession of the rugs. Plaintiff's secretary denies any knowledge of the agreement with the sheriff, which was apparently made by Harold Roehl, although the deputy, who at the time was in charge of the execution department of the sheriff's office, testified that for some years it was agreed that there "would be no liability on that

account to the sheriff, that any liability for storage would be paid by the party who ultimately got the goods.''

''The property attached remains in the custody of the sheriff or officer who served the writ until the suit is disposed of, unless bonded or the attachment is dissolved. (See 3 Comp. Laws 1929, § 14777.)  *  *  *

''If he has any valid charges as custodian, he should make out his bill of items, and present it to the clerk or other taxing officer for taxation, or, if there are no fees allowed by statute, he should apply to the court for such allowance upon notice and motion to the parties interested.''  *Fletcher* v. *Morrell,* 78 Mich. 176.

''The right of the sheriff to fees is derived from and depends upon the statute. At common law, he could not lawfully receive them.  *  *  *  It may be equitable that the sheriff  *  *  *  should be allowed compensation for the responsibility assumed in taking care of such property.  *  *  *  These equitable considerations are for the legislature, who may fix some basis for the determination of the question of just compensation, but the courts cannot go beyond the plain letter of the statute now in force.''  *Fletcher* v. *Kalkaska Circuit Judge,* 81 Mich. 186.

See, *Genesee County Savings Bank* v. *Ottawa Circuit Judge,* 54 Mich. 305, and *Peck* v. *City National Bank of Grand Rapids,* 51 Mich. 353 (47 Am. Rep. 577).

Where the property was released by a *supersedeas* bond, it was held there was not authority for making the expenses of caring for the goods either taxable as costs or imposing a lien on the property after such action. *Genesee County Savings Bank* v. *Ottawa Circuit Judge, supra.* Section 14766, 3 Comp. Laws 1929, provides for security for costs

in attachment cases. The right to hold the attached property ceased when the cause was dismissed (*Orr v. Keyes,* 37 Mich. 385), and the agreement between the sheriff and plaintiff could have no binding effect upon the deceased or his administrator.

To create a lien it is necessary that the party vesting it should have the power to do so. A person can neither acquire a lien by his own wrongful act, nor can he retain one when he obtains possession of goods without consent of the owner, express or implied, or unless the relation of debtor and creditor exists so as to maintain a suit at law for the debt or duty which gives rise to the lien, in case the pledge be destroyed or the possession lost, *Fitch & Gilbert v. Newberry & Goodell,* 1 Doug. 1 (40 Am. Dec. 33), or where provided by statute, as in 2 Comp. Laws 1929, § 9624. The lien provided for by statute is general, *Kaufman v. Leonard,* 139 Mich. 104, but being statutory, must be strictly construed. The facts show an absence of the personal acts of the owner or his knowledge or assent as required by the warehousemen's act, 2 Comp. Laws 1929, §§ 9623–9649.

The circuit judge in the present case sought to fix the equitable rights of the parties to the controversy, but there is no warrant of law for the decree entered and it must be set aside. *Fletcher v. Kalkaska Circuit Judge, supra.*

The decree is reversed, with costs to appellant, and a decree entered here dismissing the bill.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.