JOHN C. WHITNEY, Plaintiff in Error,

*vs.*

ROBERT JENKINSON, Defendant in Error.

ERROR TO THE FOND DU LAC CIRCUIT COURT.

In replevin, the sheriff can only be justified in delivering the property to the plaintiff. on the receipt of the bond required by law.

The Revised Statutes in relation to the execution of a writ of replevin, are so amended by the act of 1853, § 8, ch. 118, as to require that the sureties in a replevin bond should each swear that he is worth an amount *over and above all debts and exemptions*, which sums so severally sworn to, would amount to the penalty.

The act of April 2, 1853. prescribed a mode in which the sureties shall verify their ability to satisfy the condition of the bond out of property not subject to exemption, and over and above all debts, and in this respect, changes § 8 of ch. 119 of the Revised Statutes, and extends the justification of the sureties over and above all exemptions, as well as debts.

The sheriff is not justified in delivering the property taken on a writ of replevin to the plaintiff, without first requiring a compliance with the strict requirements of the statute, and if he do so, he is liable to an action.

An officer having a valid writ, if he does not pursue the authority given to him by it, and the rules of law in the execution of his duty under it, is as much a trespasser if he take the goods of another, or goods of the debtor exempt from levy, or transcend or abuse his authority as though he had no writ.

A writ fair on its face affords the officer a definite and limited authority regulated and defined by law, and the legal justification for his acts is only co-extensive with his legal authority, beyond which he has no protection.

When the property of a defendant in replevin, has been taken from his possession by the officer, and delivered to the plaintiff without authority of law, he, the defendant, may immediately bring his action against the officer : or he may elect to abide the result of the suit in replevin.

This case comes here by writ of error to the Circuit Court of Fond du Lac county.

The declaration contained three counts. The two first allege the taking of certain property of the plaintiff below, by the defendant below, on a writ of replevin, and the delivery of the same to the

June Term
1854.

Whitney
vs.
Jenkinson.

plaintiff in such writ, without taking sufficient sure_ties as required by statute, &c.   And the third count is trover.   Plea "not guilty."

The facts of the case are fully stated in the opinion of the court, except the mention of the nature of the action and the issue tried in the court below.

*Edward S. Bragg*, for the plaintiff in error.

*Eldridge & Waite*, for the defendant in error.

*By the Court*, CRAWFORD, J.   The defendant in error, as sheriff of the county of Fond du Lac, by virtue of a writ of replevin, issued at the suit of Charles Tompkins against the present plaintiff in error, seized and took from the possesion of the plaintiff in error, two horses, a wagon and a set of double harness ; and having received from said Tompkins, a bond executed by him and two sureties, the defendant in error as such sheriff, delivered the property to the said Tompkins.

The defendant named in the writ of replevin, instituted the present action against the sheriff, Jenkinson, and upon the trial thereof in the Circuit Court, gave in evidence the writ of replevin, by virtue of which the property was taken from him, and the return of the sheriff endorsed thereon, together with the replevin bond given by Tompkins and his sureties, and an affidavit of the sufficiency or responsibility of the sureties.   In this affidavit the sureties, each for himself, deposed that he was then " worth the amount of seven hundred dollars, being the penalty named in said bond, over and above all debts," and the *jurat* attached shows that the affidavit was subscribed and sworn to on the 14th day of November, 1853.

It appeared from another endorsement on the bond,

that on the 26th day of November, 1853, Kirkland
Gillett, one of the sureties, again made oath that he
was then worth the " amount of seven hundred dol-
lars, being the penalty named in said bond, over and
above all debts and exemptions," but the other sure-
ty, George Williams, did not, it seems, join in the
second justification, nor was Gillett's second affidavit
offered in evidence.

The plaintiffs in the court below then examined
two witnesses as to the value of the property, and
from the testimony of one of the witnesses, it appeared
that a *day or two* after the property was taken on the
writ, Tompkins, the plaintiff in the writ, had the
property in his possession. The plaintiff rested his case
upon the evidence thus submitted, and the Circuit
Court, on motion of the defendant, non-suited the
plaintiff, and entered a judgment against him for the
costs of the suit. The plaintiff therefore prosecuted
the present writ of error.

The eighth section of chapter one hundred and
nineteen of the Revised Statutes, requires the sheriff
to take from the plaintiff in an action of replevin, a
bond with sufficient sureties, who shall swear that
they are each worth the penalty of the bond, over
and above all debts, and as well by the mandate of
the writ as by the terms of section nine of the above
mentioned chapter, the sheriff is required to deliver
possession of the property to the plaintiff, only upon
the receipt of the bond required by law. By an act
approved April 2, 1853, section 8 of chapter one hun-
dred and nineteen was so amended as to require that
the sureties in a replevin bond shall each swear that
he is worth an amount *over and above all debts and
exemptions*, which sums so severally sworn to, would

amount to the penalty of the bond. At the time of the service of the writ of replevin, the latter kind of justification by the sureties, was that required by law, and the affidavit sworn to by the sureties on the 14th day of November, 1853, and which was given in evidence, was not a compliance with the law, because that affidavit might be perfectly true, and yet the sureties might not be worth, either together or separately, one dollar over and above the *exemptions* granted by law. Nor would the second affidavit, sworn to by Gillett, even if it had been properly in evidence in the case, have shown a compliance with the law, because it was the justification of but *one* surety, while the law requires that the *sureties* shall severally justify. The act of April 2, 1853, prescribes a mode in which the sureties shall show their ability to satisfy the condition of their bond, which, in our view, is altogether different from, and inconsistent with the eighth section of chapter one hundred and nineteen. It requires a more complete responsibility, and thereby more effectually affords a protection to a defendant in replevin. This was evidently the object of the amendatory law, and we think it had the effect of changing the eighth section above referred to so far as relates to the justification of the sureties over and above all *exemptions* as well as debts.

The defendant in this suit was not justified or authorized in law, as sheriff, to deliver the property taken by him, in the writ of replevin, to the plaintiff in that writ, and by delivering the property, he rendered himself liable to an action. In the case of *Ilsley vs. Nichols*, 12 *Pick*. 270. Chief Justice Shaw very correctly expounds the law thus : "An officer,

having a valid writ, if he does not pursue the autho- rity given to him by his writ, and the rules of law in the execution of his duty under it, is a trespasser in the same manner as if he had no writ; as if he takes goods not belonging to the debtor, or goods exempted by law from attachment, trespass lies. This proceeds upon the ground that the writ affords him a definite and limited authority only, regulated by law, and the legal justification of his acts is co-extensive with his legal authority, and he has no protection when acting beyond the scope of that authority. The authority is given upon the restriction and condition, that it shall not be abused or exceeded or colorably used to effect an unlawful purpose. To accomplish this, the rule is well established that where an authority given by law is exceeded, the party loses the benefit of his justification, and the law holds him a trespasser *ab initio*, although to a certain extent he followed the authority given him."

The case of *Morse vs. Hodson and others*, 5 *Mass*. 314, was an action of debt on a replevin bond, brought by the obligee, who was a deputy sheriff, against the obligors. The defendants after *oyer* of the conditions of the bond, insisted by plea that the conditions were contrary to the directions of the writ. Chief Justice Parsons, in giving the opinion of the court, after referring to the conditions of the bond as directed by the statute of Massachusetts, says, " Without a bond of this form, the officer may be sued as a trespasser for taking the goods from the defendant in replevin, if he choose to consider him in that light, because the injunction of the writ is on a condition not performed by the plaintiff in replevin." The same principle

may be found acted upon in *Morris vs. Van Voost,* 19 *Wend.* 283.

There is nothing to be discovered by us, in the case of *Gibbs and others vs. Bull,* 18 *John.* 435, to which we have been referred, that is in any way applicable in the present case. The questions there arose upon the sufficiency of the declaration, which was for taking insufficient pledges under the replevin law of New York, and the want of certain averments to show a violation of the requirements of the statute, was very properly deemed fatal. The position taken by the counsel for the defendant in error, that where a public officer has acted in good faith, though erroneously or irregularly, no action can be maintained, unless the party complaining has suffered some particular injury from the misfeasance of the officer, is quite correct, but in a case like the present, the taking of property from the possession of another, and delivering it into the possession of a third person without authority of law, must necessarily imply some injury or damage to the person deprived of the possession. It is a wrong for which no action can be maintained by any other party than he whose possession has been invaded, so that the case of *Butler vs. Kent and others,* 19 *John.* 223, is not inconsistent with the right of the plaintiff in the present case to recover.

Where the property of a defendant in replevin has been taken from his possession by the officer, and delivered to the plaintiff without authority of law, he may immediately sue the officer who took and delivered the property, or he may elect to abide the result of a suit in replevin, and if he prevail, take his remedy against the sureties in the replevin bond. If the

improper conduct of the officer gives a complete right of action to the defendant in the writ, the latter may at once pursue it.

From the evidence contained in the bill of excep-.tions, and the conclusions of law arising from that evidence, we believe the court below erred in non-suiting the plaintiff. The judgment is therefore reversed, and a *venire facias de novo* awarded.