## JULIA E. FAIRBANKS v. JOHN C. BENNETT.

*Attachment—Defective service not cured by new writ.*

1. Attachment proceedings before a justice of the peace are special and statutory, and will not support a lien unless all the provisions of the statute as to the levy and execution of the writ are strictly observed.

2. Facts cannot be considered established by the finding of a jury, if the finding was based on improper testimony and an erroneous charge.

3. After trespass has been brought for the seizure of goods under an attachment which was not properly served, the defect in service cannot be cured, for the purposes of the action in trespass, by taking out a new attachment.

Error to St. Joseph. (Pealer, J.) Oct. 5.—Dec. 20.

TRESPASS. Plaintiff brings error. Reversed.

*D. E. Thomas* for appellant.

*C. W. W. Clark* and *Wm. L. Stoughton* for appellee.

SHERWOOD, J. The action in this case is trespass for wrongfully taking and carrying away a quantity of goods claimed to be the property of the plaintiff, and for injuries consequent thereon. Plea, general issue, with notice that the goods were taken by defendant as an officer under attachment against the property of Charles N. Fairbanks, husband of plaintiff.

On the twenty-fourth day of February, 1883, suit was commenced before a justice of the peace by George W. Dubois & Co., by writ of attachment against Charles N. Fairbanks, for $250. The defendant was constable, and by virtue of the writ seized the goods of the plaintiff and made an inventory thereof. The defendant not being found, service was made by copy, which was too late. The writ was made returnable on the fifth day of March, and the writ was returned by the defendant the same day. The defective service is conceded by defendant. The goods were worth about $2000. At the time the defendant seized the stock of goods they were in possession of the plaintiff, and the testimony tended to show that she purchased them of her husband on the thirty-first day of January previous, and paid therefor $510 in cash, and released a claim she held against him, then amounting to $1266, secured by chattel mortgage on the goods. The goods were taken from the possession of the plaintiff and held by defendant until the fifth day of March, when the plaintiff commenced her suit therefor. On the fifth day of March, when the defective service was discovered by the defendant, the suit before the justice was discontinued, and a new attachment was taken out and levied upon the same property, and service of process was regularly made. The defendant seeks to

justify under the two writs. The case was tried by jury, and under the testimony and the charge of the circuit judge the jury rendered a verdict for the defendant, and the case is now before us for review on bill of exceptions containing all the testimony given in the case.

The possession of the property by the plaintiff and her ownership as against her husband are conceded. It is also conceded that no legal service was made of the first writ of attachment. Still the property was taken from the plaintiff, as it is claimed, by virtue of such writ. The proceedings before the magistrate were special and statutory, and every requirement of the statute must be strictly observed; and the rule applies to the officer as well as to the parties. If any of the provisions of the statute are not complied with by the officer in levying or executing his writ, the lien obtained is lost. *Greenvault v. Farmers' & Mechanics' Bank* 2 Doug. (Mich.) 502; *Buckley v. Lowry* 2 Mich. 420; *Roelofson v. Hatch* 3 Mich. 277; *Millar v. Babcock* 29 Mich. 526; *Adams v. Abram* 38 Mich. 302.

Under the conceded facts in this case it was incumbent upon the defendant to show not only that the transfer of the goods was fraudulent as to creditors of Charles N. Fairbanks, but that defendant acted under a valid writ against him and executed it in a legal manner. *Decker v. Bryant* 7 Barb. 182; *Pemberton v. Smith* 3 Head 18. A judgment in the first attachment suit upon the claims sought to be recovered not having been obtained, there was no evidence that the plaintiff in that attachment was a creditor. *School-district v. Macloon* 4 Wis. 88; *Cook v. Miller* 11 Ill. 610. No legal service of the writ of attachment in the first suit, of any kind, is shown or claimed. In order to be protected by process of this kind, the officer must proceed with his writ as the law directs. *Russ v. Butterfield* 6 Cush. 242; *Whitney v. Jenkinson* 3 Wis. 407; Cooley on Torts 461; *Michels v. Stork* 44 Mich. 2.

It is claimed by defendants' counsel that because a second suit was commenced as soon as it was ascertained the proceedings in the first were worthless, the commencement of

the second in some measure excused the illegal proceedings in the first. We know of no rule of law giving the commencement of a suit any such operation. The defendant clearly lost the protection of his writ by the defective manner of serving it. He took and held the plaintiff's property without right, and is liable to her for any necessary and legitimate damage she has sustained thereby. The proceedings in the magistrate's court, in both cases, were irrelevant and immaterial, and should not have been given to the jury.

Much is claimed by defendant's counsel for the decision of the jury under the general finding on the question of a fraudulent transfer of the property to plaintiff. But the finding of the jury is of no consequence so long as it is based upon improper testimony and an erroneous charge. It is further claimed by defendant's counsel that the verdict showed plaintiff had no interest in the goods as against the defendant's execution when he made his levy; but this position is subject to the same infirmity. The verdict itself was erroneous, because based upon improper evidence.

The plaintiff's second request was proper and should have been given. It is as follows: "The fact that plaintiff paid full value for the goods, if such was the case; that there was an immediate change of possession; that the plaintiff was a creditor of her husband in a large sum; and that he is not shown to have been legally indebted; or that the plaintiff knew of any fraudulent intent on his part, are all circumstances to show the transaction a fair one."

It is also difficult to see why the plaintiff's first request might not have been properly given.

These views dispose substantially of all the questions raised in the case, and further discussion is unnecessary.

The judgment must be reversed with costs and a new trial granted.

CAMPBELL, J. concurred.

GRAVES, C. J. I concur in the result.

COOLEY, J. There were in this case two attachments

against the goods of the plaintiff's husband, under the first of which the defendant, as officer, seized the goods in the hands of the plaintiff.　There was a failure to make legal service of that writ, and before the second writ was sued out the plaintiff brought this suit.　The defense is that plaintiff holds the goods fraudulently, and that they still belong to plaintiff's husband for all purposes of enforcing the claims of creditors.

I agree that under the circumstances the defendant was liable in trespass for seizing the goods on a writ which failed; but I am not prepared to say that the proceedings in the attachment suits were immaterial and not proper evidence in the trespass suit.　Whether the defendant might not prove them, and thereby show that the plaintiff had sustained no real damages, and had only a technical right of action, is a question on which I reserve opinion.