CARY v. EVERETT.

1. Attachment—Sufficiency of Service—Jurisdiction.
Under the statute relating to proceedings by attachment in justice's court (2 How. Stat. § 6840 et seq.), the officer who seizes and inventories the property must complete the execution of the writ by making personal or substituted service upon the defendant, and a return of such service by another officer, to

whom the writ was delivered, confers no jurisdiction upon the justice to proceed to judgment.

2. TROVER—BY WHOM MAINTAINABLE—RIGHTS OF MORTGAGEE.

Mere possession under a void execution sale will not support an action of trover against a mortgagee who has seized the property under the insecurity clause in his mortgage, notwithstanding he proceeds to a sale before the maturity of the mortgage debt.

Error to Cass; O'Hara, J. Submitted December 5, 1895. Decided December 24, 1895.

Trover by Abram Cary and another against Omer R. Everett and another. From a judgment for plaintiffs, defendants bring error. Reversed.

*Spafford Tryon*, for appellants.

*Charles E. Sweet*, for appellees.

LONG, J. This is an action of trover for the recovery of the value of 400 bushels of wheat. Defendants pleaded the general issue. It appears that the plaintiffs, on September 16, 1890, commenced suit in attachment before a justice of the peace against Lewis J. Hadden, and on the same day attached 20 acres of wheat that had been sown by Hadden on his wife's farm, in Wayne township, Cass county, and upon which Hadden resided. No personal service of the attachment was had upon the defendant, but the officer having the writ filed a notice in the town clerk's office that he had attached the wheat on that day, and described it as being on Mrs. Hadden's farm, and as the wheat that was then sown in a field of 33 acres. The writ of attachment was dated September 16, 1890, and was put into the hands of the deputy sheriff, Marshall P. Merwin, on the day of its issue, and he made return of the attachment as follows:

" By virtue of the within attachment, I, Marshall P. Merwin, on the 16th day of September, 1890, seized the goods and chattels of the defendant mentioned in the inventory of which the annexed is a copy."

This was signed by Mr. Merwin, as deputy sheriff, but not dated.

The inventory annexed to his return states:

" Copy of inventory of the goods and chattels this day seized by me by virtue of the annexed attachment: All the right, title, and interest of the defendant named in said writ of attachment in and to the wheat now sown and growing on about 20 acres of ground on the farm of Mrs. Lewis J. Hadden, in the township of Wayne, Cass county, Michigan, being about 20 acres of wheat, more or less.

" Dated September 16, 1890.

[Signed]    "Marshall P. Merwin,

" Deputy Sheriff."

It appears that a constable also made a return upon the writ, as follows:

" I hereby certify that I made diligent search and inquiry during all of the time in which personal service could be made, and am unable to find said Lewis J. Hadden within said county, and therefore, on the 18th day of September, 1890, because the said defendant could not be found, I left a copy of the within attachment and the said inventory, duly certified by me, at the last place of residence of said defendant in the same county of Cass, with Mrs. Lewis J. Hadden, the wife of defendant,—a person of suitable age and discretion.

[Signed]    "Stephen Secor,

" Constable."

This return is not dated.

Judgment was thereafter entered in this attachment proceeding, and on July 6, 1891, the wheat was levied upon, and sold in the shock, under such execution, to the plaintiffs, for the sum of $100. At the sale 75 or 80 bushels were set off to the defendant, Hadden, as exempt.

Prior to this, and on September 18, 1890,—being two days after the attachment proceedings were commenced, and after the notice of levy had been filed in the town clerk's office,—Lewis J. Hadden gave to the defendants a chattel mortgage upon this wheat, with other wheat, which mortgage was duly filed in the township clerk's

office of Wayne township. The defendants, at the time
they took their mortgage, were ignorant of this attach-
ment proceeding, and had no notice that the wheat had
been attached, except such notice as the record in the
town clerk's office might give. They afterwards took
possession of the wheat, and harvested, threshed, and
sold it. The plaintiffs claim title to the wheat in question
under the execution sale. The record does not show that
the chattel mortgage was ever foreclosed by the defend-
ants. It was not due at the time they took possession
of the wheat under it; the wheat being taken in July, and
the mortgage not being due until September, 1891. The
plaintiffs purchased in under the execution sale July 6,
1891, and before the defendants went in under their chat-
tel mortgage.

Plaintiffs' contention is that, having purchased the
wheat in at the execution sale on July 6th, they were in
possession, and could hold the same against any person
who had no right of possession, and that the de-
fendants took possession under their mortgage wrong-
fully, before it was due, and sold the property with-
out foreclosing it; the mortgage not giving them the right
of possession until after condition broken. On the other
hand, it is contended by defendants' counsel that the jus-
tice had no jurisdiction to hear and determine the valid-
ity of the plaintiffs' claim in the attachment suit, because
the record does not show that there was a legal service
of the writ upon Lewis J. Hadden, either actual or sub-
stituted. Defendants also contended that the wheat was
sown on the land of Mrs. Lewis J. Hadden, and belonged
to her, subject, however, to their chattel mortgage, which
was given with her knowledge and consent. The court
submitted the last question to the jury, and they found
the title of the wheat in Mr. Hadden, and rendered their
verdict in favor of the plaintiffs for $185. The court, in
its charge, stated to the jury that the attachment pro-
ceedings were regular, and the right of the plaintiffs to

the wheat was superior to that of the defendants, and, if the wheat belonged to Mr. Hadden, they must find a verdict for the plaintiffs.

In this we think the court was in error. The defendants were in actual possession under a valid chattel mortgage, and therefore in a position to contest the plaintiffs' title. Plaintiffs' title depended upon the validity of their judgment. The case was commenced by writ of attachment, and we think there was no such service of the writ as gave the justice jurisdiction to proceed with that trial. The deputy sheriff, in whose hands the writ of attachment was placed, returns that he attached the property, made an inventory, and filed a copy of the writ and inventory in the office of the town clerk. This ended his service. He made no effort to make service on the defendant named in the writ, but apparently turned the process over to a constable to execute, who took it, and says he made search and inquiry during all the time personal service could be made, and then certified the attachment and inventory, and left them at defendant's last place of residence. Section 6840, 2 How. Stat., provides that the constable serving such attachment shall execute the same at least six days before the return day thereof, by seizing so much of the goods and chattels of the defendant within his county as shall be sufficient to satisfy the demand and costs, and making an inventory thereof, and serving a copy of such attachment and inventory upon the defendant, if he can be found within the county. By the next section it is provided that, if the defendant cannot be found within the county, the constable shall leave a copy of the attachment and inventory, certified by him, at the last place of residence of the defendant, if there be any such place within the county, etc.

It is evident that, under these and succeeding sections of the statute, the officer who attaches and seizes the property must fully execute the writ. He has no authority to turn the further execution of the writ over to another

officer. When property is attached, the officer takes it into his possession, but it shall not be removed if a bond is given; or, if a third person claims the property, he may also give bond to prevent removal; and this bond is to the officer who makes the seizure. There is no provision of the statute authorizing another officer to serve a copy of the writ and inventory, or to make a return of the same, so as to give the justice jurisdiction to proceed. The return of the officer executing the writ confers the jurisdiction upon the justice to proceed further in the case, and it depends upon the facts returned whether jurisdiction is conferred. Certain facts must be shown by the return, and these facts must be made to appear by the officer to whom is intrusted the execution of the writ. The execution of the writ cannot be intrusted partly to one officer, and the further execution to another.

Proceedings by attachment are entirely statutory in their inception, and we must look to the statute to ascertain their requisites. Such proceedings have no foundation outside of statutes, and must therefore, in all things essential, conform to them. *Langtry* v. *Wayne Circuit Judges*, 68 Mich. 452. The statute requires a certified copy of the attachment and inventory to be left at the last place of residence of the defendant; that is, a copy certified by the officer making the inventory. No other officer could certify it, and such a certificate would not be within the meaning of the statute. The deputy sheriff made the seizure and the inventory, and he could not delegate the authority to certify such attachment and inventory to a constable. *Fletcher* v. *Morrell*, 78 Mich. 176. The deputy sheriff did not hold the process in his hands, as required by the statute, during the full time in which such personal service could be made, and he does not certify that he made any search or inquiry to make the personal service. The constable's certificate has no more force, and is entitled to no more credit, than that of a private person.

We are of the opinion that the justice had no jurisdiction to proceed to judgment in the case, and the plaintiffs, for that reason, failed to establish title to the property.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.