Chadwell's Adm'r. v. Chadwell.

CASE 102--PETITION EQUITY—FEBRUARY 6.

## Chadwell's Adm'r. v. Chadwell.

APPEAL FROM CLAY CIRCUIT COURT.

1. APPEALS—STATEMENT OF PARTIES.—The motion to dismiss the appeal because appellant had failed to file the statement required by the Code and rules of practice must be overruled, as the statement now appears of record.

2. BILL OF EXCEPTIONS.—As the bill of exceptions now appears to be properly signed, this court must presume that the amendment, if any was made, was allowed by order of the Superior Court while the case was pending in that court.

3. WHEN A PERSON SIGNS HIS NAME TO A NOTE BY MAKING HIS MARK he is bound thereby, although there is no attesting witness. But the mere presentation of such a note without an attesting witness does not afford *prima facie* evidence of its validity, and when filed as the basis of a claim against a decedent's estate without any pleading alleging its execution, a plea of *non est factum* by the personal representative is not required in order to throw upon the claimant the burden of proving the execution of the note. And, although the mark to the note in this case is attested by the original payee, yet, as it appears from the affidavits

filed in support of the claim that he did not attest it until after the death of the decedent, and he was then not a competent witness, the attestation was a nullity, if, indeed, the attestation of the payee under any circumstances is not a nullity.

4. VERIFICATION OF CLAIM AGAINST DECEDENT'S ESTATE.—Although the affidavit of the claimant in this case does not conform to the requirements of section 3870 of the Kentucky Statutes it may be amended upon the return of the case.

WM. H. HOLT FOR APPELLANT.

1. While it is true that sub.-sec. 7 of sec. 732 of the Civil Code requiring a signature by mark to have an attesting witness applies only to such writings as are. required to be executed according to its provisions. (Maupin, &c. v. Berkley, 3 Ky. Law Rep., 617; Vanover v. Murphy's adm'r, 12 Ky. Law Rep., 733; Meazles &c. v. Martin, ass'nee, &c., 13 Ky. Law Rep., 958), yet it is only when the mark is proved to have been made that the signature is binding as a valid one.

2. As the claim was not asserted by pleading, no answer denying the execution of the note was necessary. (Homer v. Harris' ex'or, 10 Bush, 357.)

3. The affidavit was not sufficient as it is silent upon the subject of payment. (Ky. Stats., secs. 3870-3874.)

JNO. L. SCOTT & SON FOR APPELLEE.

1. The appeal should be dismissed because the appellant has failed to file such a written statement of parties as the Code requires, and because the record contains no bill of exceptions signed by the judge.

2. As there was no plea of *non est factum* no other proof than the note itself was necessary. (Civil Code, sec. 527.)

3. An attesting witness was not necessary to give validity to the signature by mark. (Hanover v. Murphy, 12 Ky. Law Rep., 734; Meazles v. Martin, 13 Ky. Law Rep., 959.)

L. A. BYRON OF COUNSEL ON SAME SIDE.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the appellant, David Chadwell, Jr., administrator of David Chadwell, Sr., from a judgment of the Clay Circuit Court, rendered against him in favor of the appellee, Alexander Chadwell, Jr.

It appears from the record that appellant had brought suit for the settlement of the estate of his father, David Chadwell, Sr., and that appellee had filed with the commissioner, to whom the suit had been referred to audit and report debts, etc., a paper, purporting to be a note executed to Alexander Chadwell, Sr., by the decedent for four hundred dollars, dated 12th of May, 1888, due one day thereafter, which note he (appellee) claimed had been assigned to him. The commissioner in his report rejected the claim, and appellee excepted to that part of the report of the commissioner which rejected the claim.

The court expressed the opinion that the proof was not sufficient to authorize the allowance of the said claim, but inasmuch as appellee insisted that his claim was just, and desired an issue out of chancery, the court ordered a jury trial.     The issue so submitted by the court is as follows: "And that the issue as to whether the note purporting to have been executed by the deceased Chadwell to Alexander Chadwell is the act and deed of the said deceased Chadwell, which issue will be docketed for trial the 10th day of the next term."

A trial resulted in a verdict and judgment for the amount claimed by appellee, and appellant's motion for a new trial having been overruled, he prosecutes this appeal.   The sole grounds relied on in the motion for a new trial is that the verdict is contrary to the evidence and contrary to law.

The motion of appellee to dismiss the appeal because appellant had failed to file the statement required by the Code and rules of practice must be overruled, as such statement now appears of record, and we must presume that the Superior Court allowed the same to be made, if indeed it had been omitted prior to the filing of the motion.   The bill of exceptions now appears to be properly signed, and we pre-

sume the amendment, if any was made, was allowed by order of the Superior Court, to which the appeal was taken.

It is insisted by counsel for appellee that no plea of *non est factum* was filed by appellant, hence the judgment should be affirmed without regard to the testimony. This contention is based in part, if not wholly, upon the assumption that the paper in question is *prima facie* the note of the decedent. The note in question, as shown by affidavits of the original payee and of the present claimant, seems to have been signed only by mark, and to have had no attesting witness until after the death of decedent, and then only attested by the original payee, who was then not a competent witness as to the transaction between him and decedent, and, therefore, his attestation was a nullity, if indeed the attestation of the payee in a note under any circumstances is not a nullity.

In the case of Vanover v. Murphy's adm'r, 12 Ky. Law Rep., 733, the court held that "the mere presentation of a note, with a mark only, is not evidence of its validity."

If the appellee had, by petition or by counterclaim or set-off, brought suit upon the note, alleging the execution and delivery, it would have been necessary for appellant to have responded, but nothing of that kind was done. But in addition to this it is worthy of notice that the issue was submitted to a jury at appellee's request, and the court clearly defined the issue to be tried, hence no other pleadings were necessary.

There was no proof tending to show that decedent did in fact sign the note or authorize any one to sign it for him. There was some proof conducing to show that decedent at one time owed the payee of the note some amount of money, according to his own statements, and also some proof conducing to show that he claimed that the payee owed him, and that he (decedent) wished that appellee would sue so

that a settlement could be had.   It is also in proof that the decedent could write his own name, and no reason is given why he should only make his mark to any note.

The affidavits of Alexander Chadwell, Sr., and Alexander Chadwell, Jr., were not evidence before the jury for any purpose, but it does not appear that the affidavits were introduced or read as evidence.   The affidavit of the claimant does not substantially conform to the requirements of section 3870 of the Kentucky Statutes, and is, therefore, fatally defective.

Section 3872 of the Kentucky Statutes forbids the bringing of an action, and prohibits any recovery upon a claim without the proper affidavit.

Section 3874 provides that no demand against a decedent's estate shall be paid by his personal representative, or allowed as a credit by any commissioner or court, which is not verified by affidavit as required. But upon return of this case the affidavit may be amended.

It seems to us that the verdict of the jury is not sustained by the evidence, and is contrary to law.

It results, therefore, that the court below erred in overruling appellant's motion for a new trial, and that judgment is, therefore, reversed and cause remanded, with directions to set aside the verdict and judgment, and for a new trial upon principles consistent with this opinion.