Charles L. SHOAFF, Plaintiff,

v.

L. L. GAGE, Defendant.

Civ. No. 1379.

United States District Court
D. Nebraska.
June 2, 1958.

Willis A. Herman and Donald L. Wood, Mitchell, Neb., for plaintiff.

Rush C. Clarke, Beatty, Clarke, Murphy & Morgan, North Platte, Neb., for defendant.

VAN PELT, District Judge.

This case which was removed from the District Court of Banner County, Nebraska, is before the Court upon a Motion to Dismiss. It is claimed by the defendant that the Petition fails to state a claim on which relief can be granted; also that the Court lacks jurisdiction over the defendant, who is a non-resident of Nebraska and is a resident of Oklahoma. It is further claimed that defendant has not been properly served with process in the state court.

The Petition, filed June 12, 1957 by plaintiff, who is a citizen and resident of Wyoming, sets forth three causes of action all arising upon contract and in the aggregate amounting to, and praying for a money judgment against the defendant for, many times the jurisdictional $3,000 amount. A summons for service outside the state was issued for defendant. An affidavit for substituted service under the provisions of Section 25–521 of the Nebraska Statutes, was filed and summons for service outside the state was issued for defendant. It was stipulated at the

original hearing herein that the summons had been served on the defendant in Oklahoma. On the same date, to-wit, June 12, between the time of the filing of the original Petition and the issuance of the summons served as above stated, there was filed, as shown by the photocopy of the appearance docket in the office of the Clerk of the District Court of Banner County, Nebraska, among other things: "Aff for Att.", an "Aff-Ser by Pub." and an "Order of Att.". Defendant does not dispute that these entries mean respectively "Affidavit for Attachment", "Affidavit for Service by Publication" and "Order of Attachment".

Exhibit 5A, in evidence herein, is a photostatic copy of the original court file in the District Court of Banner County, in this action. It does not contain an Order of Attachment. The affidavit of one of defendant's attorneys in evidence as Exhibit 6, shows that on June 20, 1957, on which day he receipted the Clerk for the file, there was no Order of Attachment in the file, and Exhibit 1, being an affidavit of the Clerk of the District Court, says that under date of December 16, 1957 the Clerk, as keeper of the records of Banner County, made a diligent search and that no record or entry, original or copy, of the Order of Attachment had been found to exist in the records of his office. The statement as to no record or entry of the Order of Attachment existing in his office is an unwarranted conclusion of the Clerk and not supported by the appearance docket and other records in his possession, as above shown. The fact, however, that there was no copy of the Order of Attachment in the court file or, the Court will assume, in his office, appears correct.

There was offered in evidence (See Exhibit D attached to Exhibit 3) a copy of a purported Order of Attachment dated June 12, 1957, and signed by this very same Clerk, who made the certificate of December 16, 1957 and bearing the seal of his office. Said order commands the Sheriff of Banner County, Nebraska, to attach, to the extent of plaintiff's claim,

"lands, tenements, goods, chattels, stocks, or interests in stocks, rights, credits, moneys, and effects" of the defendant, found in the county and not exempt.

Exhibit 5A contains an instrument designated "Return on Order of Attachment". It was filed June 12, 1957. It is signed by the Sheriff of Banner County, Nebraska, and recites among other things the levy on defendant's interest in oil leases on real estate described therein.

It further recites the delivery to defendant by registered mail of a true and certified copy of the Order of Attachment and that the Sheriff left with Hugh Quinn, the occupant of the premises attached, a copy of the Order of Attachment. Two residents of Banner County signed and certify to a true inventory and appraisement of the property attached on "an order of attachment issued in an action wherein Charles T. Shoaff is plaintiff and L. L. Gage is defendant, now pending in the District Court of Banner Couty, Nebraska". This inventory and appraisement was made and filed with the Clerk of the Court on June 12, 1957.

Service by publication on the defendant was also had and notice was published weekly in four consecutive issues beginning June 14, 1957 of a newspaper in general circulation in Banner County, Nebraska, notifying defendant of the action, of the prayer of the Petition, of the affidavit, and Order of Attachment, and describing the leases, the land and the interest attached, giving defendant's answer day and otherwise following generally the form for such notices regarded as sufficient in such actions in Nebraska.

■ The Court should perhaps at this point comment that oil leases, or an interest therein, are in the opinion of the Court, chattels real under the Nebraska Statutes (See Sec. 76–201, Revised Statutes, Nebr. 1943) and thus are real estate to be construed as coextensive in meaning with "lands, tenements and hereditaments" and attachable as such.

It is elementary that the Court does not have jurisdiction over the person of the defendant for the purpose of rendering a money judgment unless by virtue of the attachment. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 is a much cited case on this proposition and closely, if not exactly, in point on the facts if there is no valid attachment. The Nebraska Supreme Court, in construing the Nebraska law relating to service and attachment, has reached a similar conclusion. See Salyers Auto Co. v. DeVore, 116 Neb. 317, 217 N.W. 94, 56 A.L.R. 594. It is true under the case of Pennoyer v. Neff, supra, that any judgment entered in this case extends only to the property attached, but we are not now concerned with a judgment and its effect. Later that may become important.

■ It is also clear that this Court cannot enter an Order of Attachment, in order to obtain jurisdiction over this dispute. Jurisdiction must be decided on the record in Banner County, and if jurisdiction was not acquired in the District Court of Banner County, there is none here.

In Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624, it was held that a federal court could not gain jurisdiction by issuing an order of attachment, and that it was necessary for the court to obtain jurisdiction over the person of the defendant. The court said:

"* * * in the federal courts attachment is but an incident to a suit, and unless the court has jurisdiction over the person of the defendant the attachment must fall. Jurisdiction can not be acquired by means of attachment. In the absence of an existing lien on property within the jurisdiction of the court a federal court must acquire jurisdiction over the person of a defendant before it is authorized to attach his property or garnish his creditors." 139 F.2d 624, 626.

■ All other authorities appear to be in agreement. Federal courts have no *quasi in rem* original jurisdiction. In a removed case, where federal courts exercise a derivative jurisdiction, an

action instituted in the state court and within the removal statutes may be removed to the federal district court, even though the state court was exercising a *quasi in rem* jurisdiction. If sufficient action had been taken in the state court before removal, so that, despite an order discharging an attachment after removal, plaintiff would still be in the situation of having an action pending, the court has power to perfect its jurisdiction by taking such further steps as are warranted under state law. Where, however, no order of attachment has issued, or the attachment is so defective under state law that had it been discharged in the state court the plaintiff would not have a pending action in the state court, the plaintiff is not entitled to a further attachment for the purpose of obtaining *quasi in rem* jurisdiction. 7 Moore's Federal Practice § 64.09 (1955), and authorities therein cited. See, also, Rosenthal v. Frankfort Distillers Corp., 5 Cir., 193 F.2d 137.

It is also to be noted that defendant has not entered a general appearance and waived his right to object to the jurisdiction over his person. See Davis v. Ensign-Bickford Co., supra.

It should be observed here that the Nebraska statutes governing provisional remedies are found under Article 10, Section 25, which Section relates to civil procedure in the District Courts. The portion of Article 10 dealing with attachment, includes Sections 25–1001 to 25–1056 inclusive. In 1953 Sections 25–1057 to 25–1061 were repealed. Mention is made of these sections because of Section 25–1038 which provides in part:

> "From the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings under sections 25–1001 to 25–1061".

■ Defendant contends that no writ of attachment was ever issued and that if it was issued it should have been returned with the Inventory and Appraise-

ment (See Sec. 25–1008, Rev.Stat.Nebr. 1943, Reissue of 1956); that the statutes relating to attachment are to be strictly construed and followed (See Ames v. Parrott, 61 Neb. 847, 86 N.W. 503, and Citizens' State Bank of Wood River v. Porter, 4 Neb.Unof. 73, 93 N.W. 391 construing other requirements of this section) and that no order of attachment appearing in the court file, that the Motion to Dismiss should be sustained.

■ With the general principles of law urged by defendant, the Court is not in disagreement. The Court believes, however, and finds, that an order of attachment was actually issued and signed on June 12, 1957. The appearance docket shows it was filed. Does its absence from the District Court files in Banner County defeat the jurisdiction of that court and thus of this Court?

Counsel have not cited to the Court, and the Court has not been able to find, where the Nebraska Supreme Court has passed on this specific point. This Court can therefore only forecast its opinion. It is that under Section 25–1038, the Nebraska Supreme Court would hold that the District Court of Banner County acquired jurisdiction from the time of the issuance of the Order of Attachment and the fact that it either was not returned with the Inventory and Appraisement or is not now in the file, whichever may be the fact, did not defeat the jurisdiction once acquired.

Section 25–1038 says among other things that "from the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction". A great preponderance of the evidence shows that an order of attachment was issued. The appearance docket so recites at a place where the entry could not be made as an afterthought. The Inventory and Appraisement and return of the sheriff all so state. The published notice refers to it, and both the Clerk and Sheriff in their affidavits state that there was in existence an order of attachment. What appears to be a carbon copy of the attachment duly signed and

sealed by the Clerk bearing date June 12, 1957, has been offered and received in evidence. (Exhibit D attached to Exhibit 3).

The Court feels that its projection or forecast is strengthened by a review of the Nebraska cases dealing with attachment. In the early case of Crowell v. Johnson, 2 Neb. 146, it was held that the Court acquired jurisdiction by levy of the order of attachment, and that a failure to publish notice, the defendant being a non-resident, did not render it void. Later, in Wescott v. Archer, 12 Neb. 345, 11 N.W. 491, 577, without citing the Crowell case, the Nebraska court reached the exact opposite conclusion and thereafter in Darnell v. Mack, 46 Neb. 740, 65 N.W. 805, it re-examined its previous decisions and concluded to abide by the rule in the Crowell case, and relied upon Cooper v. Reynolds, 10 Wall. 308, 19 L.Ed. 931, saying that the United States Supreme Court held in that case "that jurisdiction depends upon the lawful seizure of the property and that subsequent defects may render the judgment erroneous but not void." Subsequently, in Jones v. Danforth, 71 Neb. 722, 99 N.W. 495, 497, the Nebraska court held:

"In this state the court acquires jurisdiction over the rem by its seizure, and failure to give the notice does not thereby cause the court to lose jurisdiction so long as the action remains pending."

In Rachman v. Clapp, 50 Neb. 648, 70 N.W. 259, the Court affirmed the Darnell case and indicated that attachment proceedings were not invalid simply because no service of summons was had upon the defendant in the main action.

No Nebraska cases appear in which there was a complete absence of the order of attachment. In French v. Reel, 61 Iowa 143, 12 N.W. 573, 576, the Iowa Supreme Court had before it the question of the absence of a valid writ of attachment, the sheriff and the attorney having testified that such a writ was in the sheriff's possession when the levy was made, and the evidence indicated that it had been returned by the sheriff to the clerk of the district court at Des Moines by mail. The court held that the defendants had proved with reasonable certainty that the goods in question were levied upon under a writ of attachment and that "there is a legal presumption in favor of the due execution of papers emanating from a public office." This case was affirmed on rehearing in 61 Iowa 143, 16 N.W. 55. The absence of the writ from the file did not defeat the levy under the attachment.

The Court believes that the fact that the Order of Attachment was not returned physically to the court file as provided in Section 25–1008, should not, and does not, defeat the Court's jurisdiction.

The Court finds that the District Court of Banner County, Nebraska, acquired jurisdiction and that this Court has jurisdiction over the non-resident defendant by reason of the attachment, to render an effective judgment at least to the value of the property attached.

A reading of the Complaint persuades the Court that a claim upon which relief can be granted has been stated in the original pleading designated a Petition.

An Order will therefore be entered this day denying defendant's Motion.